KORDICH v BUTLER AVIATION DETROIT, INC

Docket No. 43934. Submitted December 15, 1980, at Detroit.—Decided February 5, 1981.

Nicholas and Dorothy Kordich brought an action against Butler Aviation Detroit, Inc. and Yugoslovenski Aero Transport (Yugoslav Airlines) for damages for injuries incurred on board an aircraft allegedly owned and operated by Yugoslav Airlines on a flight from Detroit to Dubrovnik, Yugoslavia. The defendant airline moved for accelerated judgment based upon a two-year limitation period contained in the Warsaw Convention. The Wayne Circuit Court, Theodore R. Bohn, J., denied the motion, finding that another section of the Warsaw Convention precluded application of the limitation period where the plaintiffs had alleged wilful misconduct on the part of the airline. The airline appeals by leave granted. *Held:*

The two-year period of limitations contained in the Warsaw Convention is not rendered inapplicable by the provision of the Convention which precludes an air carrier from availing itself of the provisions of the Convention limiting its liability where the damage is caused by the carrier's wilful misconduct.

Reversed and remanded.

LIMITATION OF ACTIONS — TREATIES — AIR CARRIERS — WARSAW CONVENTION — STATUTES.

Application of the two-year limitation period contained in the Warsaw Convention, governing actions for damages against certain international air carriers, is not precluded by a section of the Convention prohibiting a carrier from availing itself of the provisions of the Convention limiting the carrier's liability if the damage is caused by the wilful misconduct of the carrier (49 Stat 3000; TS No 876; 49 USC 1502, Arts 25[1], 29[1]).

*Ripple, Chambers & Steiner, P.C.* (by *Darrell M. Amlin),* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d (Rev), Aviation §§ 113, 117.

Limitation of liability for personal injury by air carrier. 13 ALR2d 337.

*Harvey, Kruse & Westen, P.C.* (by *Mark S. Hayduk),* for defendant Yugoslovenski Aero Transport.

Before: CYNAR, P.J., and BASHARA and BEASLEY, JJ.

PER CURIAM. Plaintiffs filed this lawsuit on July 7, 1976, claiming damages as a result of personal injuries incurred by them while on board an aircraft, while in flight, en route from Detroit, Michigan, to Dubrovnik, Yugoslavia, on April 30, 1974. Defendant Yugoslovenski Aero Transport (hereinafter defendant) is alleged to have owned and operated the aircraft in question.

Defendant's original answer to the complaint was filed on October 20, 1976. On December 17, 1976, an order was entered by the trial court permitting defendant to amend its answer, which answer included the affirmative defense of the statute of limitations contained in Art 29(1) of the Warsaw Convention.[1] A motion for accelerated judgment based upon this affirmative defense was denied by the trial court on March 16, 1978. Subsequently, defendant filed a motion for rehearing of its previous motion for accelerated judgment, which motion was also denied.

The issue presented by this case is whether plaintiffs' cause of action is barred by their having failed to file their complaint within two years of the date on which the flight giving rise to this claim arrived at its destination in Dubrovnik, Yugoslavia.

It is undisputed that the Warsaw Convention is the controlling law in this case. Defendant relies

[1] 49 Stat 3000; TS No 876; 49 USC 1502.

upon the two-year statute of limitations in Art 29(1), which reads:

"(1) The right to damages shall be extinguished if an action is not brought within 2 years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped."

Plaintiffs rely upon Art 25(1) of the Warsaw Convention, which prohibits a carrier from availing itself of the provisions of the Convention which exclude or limit its liability if the damage is caused by its "wilful misconduct". Plaintiffs specifically alleged willful misconduct on the part of appellant when they filed their complaint. The provision relied upon by plaintiffs reads:

"(1) The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct."

The trial court denied the motion for accelerated judgment on the basis that Art 25 applied to this case so as to preclude the two-year statute of limitations in Art 29 from applying. We disagree.

While this is a question of first impression in this state, other jurisdictions have unanimously held that the statute of limitations in Art 29(1) is not rendered inapplicable by Art 25(1).[2] We agree with the reasoning of the New York Supreme

[2] *Stone v Mexicana Airlines, Inc,* 610 F2d 699 (CA 10, 1979), *Bapes v Trans World Airlines, Inc,* 209 F Supp 380 (ND Ill, 1962), *Bergman v Pan American World Airways, Inc,* 32 App Div 2d 95; 299 NYS2d 982 (1969).

Court in *Bergman v Pan American World Airways, Inc.:*[3]

"It follows that the carrier may not avail itself of those provisions of the Convention which exclude or limit its liability. Is a statute of limitations a provision that excludes or limits liability? We think not for several reasons. Firstly, because a statute of limitations never limits liability, nor does it exclude it. Such a statute does render the existing liability unenforceable. The distinction is far from semantic. If by virtue of any state of facts the statute is tolled or waived, the liability is unaffected. The liability was not extinguished and revived. There was merely a bar to its enforcement which might or might not be overcome. Secondly, the internal evidence of the Convention indicates what provisions were meant to be excluded. Undoubtedly the most significant provisions of the Convention are those dealing with the monetary limitations on the carrier's liability in the event of recovery against it for negligently caused injury. In mentioning a limitation on liability, the reference naturally occurring to the reader is that limitation. Lastly, whenever the question of what was meant by the language was being considered, the limitation referred to was understood to be the limitation on liability provided for in article 22. We have not been referred to any minutes of the original body from which the Warsaw Convention emanated, in which articles 3 and 25 were discussed, but it appears quite certainly from the discussions at the 1925 Hague Convention, where amendments to the original Convention were considered, that it was the understanding of the delegates that the limitations to be excluded were solely those provided for in article 22 (Hague Protocol, arts III and XIV). Moreover, what judicial determination exists on the precise point is * * * to the same effect." 32 App Div 2d 95, 97.

Plaintiffs contend that defendant's failure to raise the statute of limitations defense in its first responsive pleading barred defendant from subsequently raising that defense in its amended answer. Because plaintiffs failed to file a cross-appeal

---

[3] *Bergman v Pan American World Airways, Inc, supra.*

with regard to this issue, it is not properly before this Court for consideration.[4]

Even if it was properly before us on appeal, it does not appear that the trial court abused its discretion in allowing defendant to raise the statute of limitations defense by an amendment to the pleadings.[5]

Reversed and remanded.

[4] GCR 1963, 807.3.

[5] *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 660; 213 NW2d 134 (1973), *Bigelow v Walraven,* 392 Mich 566, 570; 221 NW2d 328 (1974).