*In re* FORFEITURE OF $28,088 OF UNITED STATES CURRENCY

Docket No. 99008. Submitted April 11, 1988, at Detroit. Decided August 30, 1988.

The Wayne County Prosecutor petitioned in the Wayne Circuit Court for an order compelling the forfeiture of $28,088 in United States currency and other miscellaneous items seized during the execution of a search warrant at a dwelling where controlled substances were stored. Claimant, Carrie Jones, who resided in the dwelling, moved to quash the search warrant, suppress the admission of the evidence and for the return of the evidence. The trial court, Michael J. Talbot, J., denied the motion. A forfeiture hearing was then held with Jones' attorney stipulating to the admission of all facts necessary for the prosecutor to establish a prima facie case of forfeiture. The trial court then ordered the forfeiture of all items seized to the extent of Jones' interest. Carrie Jones appealed.

The Court of Appeals *held:*

1. The Court of Appeals has jurisdiction to review the final forfeiture order issued by the trial court.

2. The appeal should not be dismissed on the basis of mootness since the record does not support the prosecutor's allegation that the judgment was executed and no motion for remand to develop a record on the disposition of the res was made.

3. Jones abandoned any issues pertaining to the forfeiture by stipulating to the admission of sufficient facts to establish a prima facie case of forfeiture.

4. The affidavit in support of the search warrant satisfied the requirements for establishing probable cause for the search. The search warrant was not overly broad. The magistrate's decision to authorize a search of the entire premises of the two-story, two-family dwelling was based on a showing of probable cause and was not an abuse of discretion.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Forfeitures and Penalties §§ 28 *et seq.*

Am Jur 2d, Searches and Seizures §§ 41 *et seq.,* 64.

See the Index to Annotations under Appeal and Error; Fines, Penalties, and Forfeitures; Search and Seizure.

1. FORFEITURES AND PENALTIES — COURTS — JURISDICTION.

A Michigan court has jurisdiction over the res involved in a forfeiture proceeding, despite the possession of the res by the seizing agency, with control being retained by the court by subjecting the agency's custody of the res to the order and judgment of the court (MCL 333.7523[2]; MSA 14.15[7523][2]).

2. FORFEITURES AND PENALTIES — APPEAL — COURTS — JURISDICTION.

Jurisdiction properly lies in the Court of Appeals to review a final order of forfeiture issued by a trial court (MCL 333.7523[2]; MSA 14.15[7523][2]; MCR 7.203[A]).

3. APPEAL — PRESERVING QUESTION — NEW QUESTIONS.

An issue not addressed in the trial court may be considered on appeal where necessary to the proper determination of the case and where the record contains all the facts necessary to determine the issue.

4. STIPULATIONS — APPEAL.

A party cannot concede issues at the time set for trial and then claim error based on that concession.

5. SEARCHES AND SEIZURES — PROBABLE CAUSE — AFFIDAVITS.

A magistrate's finding of probable cause to issue a search warrant is to be based upon the facts related within the affidavit in support of the warrant presented to the magistrate (MCL 780.653; MSA 28.1259[3]).

*John D. O'Hair,* Prosecuting Attorney, *John L. Thompson,* Deputy Chief, Special Operations, and *A. George Best, II,* Assistant Prosecuting Attorney, for petitioner.

*Buckfire & Buckfire, P.C.* (by *David Buckfire*), for claimant.

Before: DANHOF, C.J., and MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. Claimant, Carrie Jones, appeals as of right from a Wayne Circuit Court order compelling the forfeiture of Jones' interest in $28,088 and other miscellaneous items named in a search war-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rant pursuant to MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.* We affirm.

On December 10, 1985, the Wayne County Federal Task Force executed a search warrant at 459 East Euclid in Detroit. The warrant authorized the seizure of controlled substances, proceeds from the trafficking of controlled substances, paraphernalia and records related thereto, and firearms used to protect the controlled substances. In addition, the warrant authorized the seizure of items establishing the residency and control of 459 East Euclid, which was described in the warrant as a "two story two family dwelling." The basis for the warrant was information obtained from a confidential informant on the use of 459 East Euclid to store controlled substances and proceeds and the task force's surveillance of that address as well as two other addresses on Delmar Street, which were believed to be the distribution point for the controlled substances.

Carrie Jones was present during the search of 459 East Euclid, and it is not disputed that she resided in the lower level of that address. When executing the warrant, officers were required to break through locked iron gates at the entrance of two bedrooms on the lower level. Heroin, paraphernalia and records relating to the trafficking of controlled substances, firearms, money, and other items were seized.

The prosecutor then commenced a statutory forfeiture process against the items seized, and Jones responded by moving to quash the search warrant, suppress all physical evidence seized from her premises, and for the return of all the evidence. On April 7, 1986, the trial court denied Jones' motion to quash the search warrant and suppress the evidence, which was argued solely on the basis of the information contained in the war-

rant. On February 19, 1987, the forfeiture hearing was held, with Jones' attorney stipulating to the admission of all facts necessary for the prosecutor to establish a prima facie case of forfeiture. Jones' attorney also asserted that he could not rebut the stipulated-to evidence because Jones declined to appear and would not testify. Based on this record, the trial court ordered the forfeiture of all items seized to the extent of Jones' interest.

On appeal, Jones seeks the return of the property seized from her residence on the basis that the warrant was not supported by probable cause and was overly broad. The prosecutor argues that the search warrant was valid and further contests this Court's jurisdiction and Jones' standing in this forfeiture action. Since the jurisdictional and standing issues are preliminary to all other issues we must decide, they shall be considered first.

The prosecutor's objection to this Court's jurisdiction was first raised in a motion to dismiss, which was denied by a panel of this Court for lack of merit. On appeal, the prosecutor continues to argue that this Court lacks jurisdiction because, it is claimed, the order of forfeiture was executed on March 11, 1987, thereby resulting in the release of the "res." Based on the record before us, we must disagree.

Forfeiture proceedings are in rem civil proceedings. *People v United States Currency,* 158 Mich App 126, 130; 404 NW2d 634 (1986). The general rule in such proceedings is that possession or control over the subject matter or res of the action is essential to the court's jurisdiction to render a judgment. 47 Am Jur 2d, Judgments, §§ 1064-1065, pp 130-131. The judgment operates directly on the res and has no force other than that arising from the jurisdiction over the res. *Id.,* § 1069, p 133.

Under the Michigan forfeiture statute, MCL

333.7523(2); MSA 14.15(7523)(2), the court has jurisdiction over the res, despite the possession of the res by the seizing agency, with control being retained by the court by subjecting the agency's custody of the res to the order and judgment of the court. The court here issued a final forfeiture order under the statute and we have jurisdiction to review the order under MCR 7.203(A). Thus, contrary to the prosecutor's contention, we do have jurisdiction. The federal cases relied on by the prosecutor, although seeming to support the notion that an execution of the judgment deprives both the lower and appellate courts of jurisdiction, are really concerned with the concept of mootness. Compare *United States v $57,480.05 United States Currency,* 722 F2d 1457 (CA 9, 1984), with *Alyeska Pipeline Service Co v The Vessel Bay Ridge,* 703 F2d 381, 384 (CA 9, 1983), cert dis 467 US 1247 (1984), cited at 722 F2d 1458. An important test for mootness in Michigan, as in *Alyeska, supra,* p 384, is whether an event occurs which renders it impossible for the reviewing court, if it should decide in favor of the party, to grant any relief. *Schumacher v Tidswell,* 138 Mich App 708, 717; 360 NW2d 915 (1984).

If, as the prosecutor claims, the judgment was properly executed, then there would be no res subject to the court's control to return to Jones and a dismissal based on mootness would be justified. Under these circumstances, and because an appeal will not ordinarily stay the effect or enforceability of the judgment, it is incumbent upon a claimant such as Jones to obtain a stay of the judgment if she desires to seek a return of the res on appeal. See MCR 7.209.

Nevertheless, we decline to dismiss for mootness. While an issue not addressed in the trial court can be considered on appeal if necessary to a proper

determination of the case, this is so only if the record contains all the facts necessary to determine the claim. *Trail Clinic, PC v Bloch,* 114 Mich App 700, 711-712; 319 NW2d 638 (1982), lv den 417 Mich 959 (1983). The record before us does not support the prosecutor's allegation that the judgment was executed and no motion for remand to develop a record on the disposition of the res was made. See MCR 7.211(C)(1). Accordingly, we will consider the other issues raised on appeal.

With regard to the prosecutor's challenge to Jones' standing to seek the return of the seized items, we decline to consider this issue since it was not raised below and no cross-appeal was filed. Compare *People v Smith,* 420 Mich 1, 11, n 3; 360 NW2d 841 (1984) (standing issue addressed when raised for the first time on appeal by the appellant and necessary to a proper determination of the case), with *Kordich v Butler Aviation Detroit, Inc,* 103 Mich App 566, 567-570; 303 NW2d 238 (1981) (appellee's claim not preserved for review where no cross-appeal was filed), and *Burns v Rodman,* 342 Mich 410; 70 NW2d 793 (1955) (appellee's claim as to the reasons presented to, but rejected by, the trial court as support for the judgment in his favor can be considered on appeal). In passing, we point out that the Michigan forfeiture statute, MCL 333.7523(1)(b); MSA 14.15(7523)(1)(b), requires the claimant to have a personal interest in the property which is the subject of the forfeiture. The stipulated factual record in this case contains no stipulation as to the amount of Jones' interest in any of the items seized and, thus, does not support her claim that she is entitled to the return of the property.

The sole issue raised by Jones concerns the validity of the search warrant. Jones argues that the property, particularly the money, was illegally

seized and, therefore, should be returned. As the prosecutor points out, however, Jones' attorney stipulated to the admission of the warrant at the forfeiture hearing. Further, even when property is illegally seized, it is still subject to forfeiture under MCL 333.7521; MSA 14.15(7521) if the probable cause for the seizure can be supported by untainted, admissible evidence. *In re Forfeiture of United States Currency,* 166 Mich App 81, 89; 420 NW2d 131 (1988). Having stipulated to the admission of sufficient facts for the prosecutor to establish a prima facie case of forfeiture, we conclude that any issue pertaining to the forfeiture has been abandoned. A party cannot concede issues at the time set for trial, then claim error based on that concession. See *Kohn v Ford Motor Co,* 151 Mich App 300, 310; 390 NW2d 709 (1986), lv den 428 Mich 851 (1987).

Even if this issue was properly preserved for appeal, we would not reverse.[1] A magistrate's finding of probable cause to issue a search warrant is based upon the facts related within the affidavit presented to the magistrate. MCL 780.653; MSA 28.1259(3); *People v White,* 167 Mich App 461; 423 NW2d 225 (1988). The warrant here was based on an affidavit containing information obtained from a confidential informant and an independent investigation undertaken by the task force to verify the information. The fact that the informant's information was based on a statement made by "Chuck" does not demonstrate error since the informant had personal knowledge of the state-

---

[1] The prosecutor argues that, even if the warrant was insufficient under MCL 780.653; MSA 28.1259(3), the evidence was admissible under the good-faith exception to the exclusionary rule set forth in *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984). Since this good-faith exception has not been adopted in Michigan, we do not consider this issue. *People v Tanis,* 153 Mich App 806, 812; 396 NW2d 544 (1986), lv den 426 Mich 877 (1986).

ment. *People v Kalchik,* 160 Mich App 40; 407
NW2d 627 (1987). Further, we note that "Chuck"
admitted his own participation in the illegal activ-
ity to the informant without any indication that
"Chuck" knew that he was dealing with a confi-
dential informant working with the police. State-
ments against penal interest have a high indicia of
reliability. MRE 804(b)(3). We, therefore, find that
the affidavit satisfied the requirements for proba-
ble cause in MCL 780.653; MSA 28.1259(3), as
interpreted in *People v Sherbine,* 421 Mich 502;
364 NW2d 658 (1984).

We similarly reject Jones' claim that the war-
rant was overly broad. Both the items to be seized
and the place to be searched were described with
particularity. This is so despite the fact that the
place to be searched, 459 East Euclid, was de-
scribed as a two-story, two-family dwelling, since it
is clear from the face of the warrant that the
identity of the persons residing at or in control of
that address were unknown and the facts related
to the magistrate showed that probable cause re-
lated to the entire premises.[2] The magistrate's
decision to authorize a search of the entire prem-
ises was not an abuse of discretion. *People v
White, supra,* p 463. Accordingly, even if Jones
preserved this issue for appeal, we would uphold
the validity of the warrant.

Affirmed.

[2] See MCL 780.654; MSA 28.1259(4); *People v Woodward,* 231 Mich
559; 204 NW 731 (1925); *Maryland v Garrison,* 480 US 79; 107 S Ct
1013, 1017; 94 L Ed 2d 72, 80-81 (1987). Compare *People v Toodle,* 155
Mich App 539; 400 NW2d 670 (1986).