*In re* FORFEITURE OF SUITCASES AND MISCELLANEOUS
ITEMS

*In re* FORFEITURE OF 5773 MARBLE DRIVE, TROY, MICHIGAN

Docket Nos. 125292, 129478. Submitted November 12, 1991, at Detroit. Decided February 18, 1992, at 9:35 A.M. Leave to appeal sought.

Chesterfield Township police arrested two men and seized as the forfeitable proceeds of criminal narcotics activity over $500,000 in cash, gold coins, and jewelry. The police then petitioned the Macomb Circuit Court for an order to maintain the status quo. The court, George R. Deneweth, J., ordered preserving possession of the money, gold, and jewelry in the custody of the Chesterfield Township Police Department until all claims regarding the property were adjudicated. The Oakland County Prosecutor petitioned the Macomb Circuit Court to dissolve the order. The court denied the request. The Oakland County prosecutor appealed by leave granted in Docket No. 125292.

Following Chesterfield Township's filing of its motion to preserve the status quo, the Oakland County Prosecutor brought a forfeiture action in the Oakland Circuit Court involving a single-family residential home located at 5773 Marble Drive in Troy and numerous other items, including the cash, gold, and jewelry involved in the Macomb Circuit Court action. Chesterfield Township moved for summary disposition, claiming that the Oakland Circuit Court lacked jurisdiction over the items involved in the Macomb Circuit Court action. The Oakland Circuit Court, Robert C. Anderson, J., denied the motion. Chesterfield Township appealed by leave granted in Docket No. 129487. The appeals were consolidated.

The Court of Appeals *held:*

1. Both the Macomb and the Oakland Circuit Courts have jurisdiction over the property seized by the Chesterfield Township police, but venue of the proceedings concerning that

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 9, 17, 28, 29, 36.
See the Index to Annotations under Fines, Penalties, and Forfeitures; Jurisdiction; Parties; Venue.

property lies in Macomb County, the county in which the subject of the action is situated.

2. The Chesterfield Township Police Department, the seizing agency, is not the only party with standing to bring forfeiture proceedings regarding the seized property in its possession. The Oakland County Prosecutor's office and the entities it represents were substantially involved in effecting the forfeiture and therefore had standing.

The order of the Macomb Circuit Court in Docket No. 125292 is affirmed, the order of the Oakland Circuit Court in Docket No. 129487 is reversed, and the cases are remanded for further proceedings.

1. FORFEITURES AND PENALTIES — COURTS — JURISDICTION.

Forfeiture proceedings are in rem; in rem jurisdiction over personal property situated within the state lies with the courts of record of the state (MCL 600.755; MSA 27A.755).

2. FORFEITURES AND PENALTIES — VENUE — PERSONAL PROPERTY.

Venue involving claims concerning the recovery of personal property lies in the county in which the subject of the action is situated; property taken or detained pursuant to forfeiture proceedings is deemed to be in the custody of the seizing agency (MCL 333.7523[2], 600.1605; MSA 14.15[7523][2], 27A.1605).

3. FORFEITURES AND PENALTIES — ACTIONS — STANDING.

The seizing agency is not the only party with standing to bring forfeiture proceedings regarding seized property; agencies substantially involved in effecting the forfeiture also have standing (MCL 333.7524[1][b][ii]; MSA 14.15[7524][1][b][ii]).

*Anthony, Hearsch & Seibert* (by *Robert J. Seibert*), for Chesterfield Township.

*Richard Thompson,* Prosecuting Attorney, and *Michael J. Modelski,* Chief, Appellate Division, for Oakland County.

Before: WEAVER, P.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

MICHAEL J. KELLY, J. These consolidated cases involve issues regarding jurisdiction over seized property subject to forfeiture. Both appeals are by leave granted.

Chesterfield Township police arrested two men and seized as the forfeitable proceeds of criminal narcotics activity over $500,000 in cash, gold coins, and jewelry. Chesterfield Township then secured an order from the Macomb Circuit Court maintaining the status quo. The order preserved possession of the money, gold, and jewelry in the custody of Chesterfield Township until all claims regarding the property were adjudicated. The Oakland County Prosecutor filed a motion to set aside the status quo order. From the trial court's denial of that motion, Oakland County appeals by leave granted.

Following Chesterfield Township's filing of its motion to preserve the status quo, the Oakland County Prosecutor filed in Oakland Circuit Court a forfeiture claim involving thirty-six items, including the cash, gold, and jewelry that are the subject matter of the Macomb County action. Chesterfield Township subsequently filed a motion for summary disposition in the Oakland County case, arguing that the Oakland Circuit Court lacked jurisdiction over the items already under the jurisdiction of the Macomb Circuit Court. Chesterfield Township appeals by leave granted from the Oakland Circuit Court's denial of its motion for summary disposition.

Oakland County argues on appeal that jurisdiction over the forfeiture claim regarding the cash, jewelry, and coins properly lies in Oakland Circuit Court because it was the first court to accept jurisdiction over the forfeiture action. It is Oakland County's position that although the Macomb Circuit Court first addressed Chesterfield Township's motion to preserve the status quo, that action did not concern forfeiture and, therefore, did not vest the Macomb Circuit Court with jurisdiction in the matter. Lastly, Oakland County

argues that because the three items at issue in this case are related to a much larger forfeiture action taking place in the Oakland Circuit Court, it would be more efficient and convenient to try the claims together in that court.

Chesterfield Township, on the other hand, asserts that it first obtained jurisdiction over the matter by its filing of the motion to preserve the status quo. Furthermore, it contends that Oakland County lacks standing to commence forfeiture proceedings with respect to the three items at issue here.

Forfeiture proceedings are in rem proceedings. *In re Forfeiture of $28,088 of United States Currency,* 172 Mich App 200, 203; 431 NW2d 437 (1988). In rem jurisdiction over personal property situated within this state lies with the courts of record of the state. MCL 600.755; MSA 27A.755. Thus, both the Macomb Circuit Court and the Oakland Circuit Court have jurisdiction over the property at issue in this case. Our analysis does not end here, however. Venue must be determined.

According to MCL 600.1605; MSA 27A.1605, venue involving claims concerning the recovery of personal property properly lies in the county in which the subject of the action is situated. Property taken or detained pursuant to forfeiture proceedings is deemed to be in the custody of the seizing agency. MCL 333.7523(2); MSA 14.15(7523)(2). Therefore, because custody of the cash, gold, and jewelry is deemed to be with Chesterfield Township, venue of the proceedings concerning these items must lie in Macomb County.

Oakland County contends that, although venue may be proper in Macomb County, the action involves claims arising from the same transaction or occurrence on which the Oakland County action is based and, therefore, all the claims should be

joined in one proceeding before one court. Furthermore, because the bulk of the claims are properly situated in Oakland County, it contends that it should be the situs of the proceedings. Oakland County, however, has not moved the Macomb Circuit Court to join the claims or to change venue. Issues and arguments raised for the first time on appeal are not subject to this Court's review. *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686, 692; 476 NW2d 487 (1991).

Although we find in Chesterfield Township's favor, we reject its argument that the seizing agency is the only party with standing to bring forfeiture proceedings regarding seized property. MCL 333.7524(1)(b)(ii); MSA 14.15(7524)(1)(b)(ii) provides that agencies "substantially involved in effecting the forfeiture" are to participate in the equitable distribution of the forfeited assets. Clearly, the Oakland County Prosecutor's office and the entities it represents were substantially involved in effecting the subject forfeiture. Chesterfield Township's argument is without merit.

The Macomb Circuit Court order denying Oakland County's motion to dissolve the order preserving the status quo is affirmed, and the Oakland Circuit Court order denying Chesterfield Township's motion for summary disposition is reversed. The cases are remanded for proceedings consistent with this opinion. We do not retain jurisdiction.