*In re* FORFEITURE OF CERTAIN PERSONAL PROPERTY

*In re* FORFEITURE OF 5773 MARBLE DRIVE, TROY, MICHIGAN

Docket Nos. 93409, 93410. Decided September 29, 1992. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals. Rehearing denied *post,* 1202.

The Chesterfield Township Police Department apprehended two men in Macomb County, and seized from them a suitcase and a briefcase containing cash, jewelry, and gold coins. Officers from Oakland County identified and arrested them pursuant to grand jury indictments and requested the items seized. The Chesterfield Township Police refused, and obtained from the Macomb Circuit Court, George R. Deneweth, J., an ex parte order to maintain the status quo. Thereafter, the Oakland County Prosecutor filed an appearance and a notice of claim in the Macomb Circuit Court with regard to the items seized, and subsequently filed a complaint for forfeiture in the Oakland Circuit Court, listing thirty-six items, comprised of real property located at 5773 Marble Drive, Troy, Michigan, and various other real and personal property, including the items seized. The court, Robert C. Anderson, J., issued a temporary restraining order and an order to show cause and denied Chesterfield Township's motion for summary disposition. The complaint for forfeiture and the Oakland Circuit Court order were served on the Macomb County Prosecutor. Thereafter, the Macomb County Prosecutor filed a complaint in the Macomb Circuit Court for forfeiture of the items seized. The court denied Oakland County's motion to dissolve the status quo order and held that the Macomb County Prosecutor's complaint for forfeiture should be tried in Macomb County. After consolidation, the Court of Appeals, WEAVER, P.J., and MICHAEL J. KELLY and MARILYN J. KELLY, JJ., affirmed the denial of the Macomb Circuit Court to dissolve the status quo order, reversed the denial by the Oakland Circuit Court of Chesterfield Township's motion for summary disposition, and remanded the case to the Macomb Circuit Court for further proceedings. The Court held that in rem jurisdiction over personal property lies with courts of record and that, while both courts have jurisdiction over the items seized, venue involving claims concerning the recovery of

personal property lies in the county in which the res is situated, that property taken pursuant to forfeiture proceedings is deemed to be in the custody of the seizing agency (Docket Nos. 125292, 129478). The Oakland County Prosecutor seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Generally, once a court has exercised its jurisdiction over an item, other courts of coördinate authority may not interfere with the action of the first court. However, for a court to possess coördinate authority, two proceedings must be identical in all respects. Where they are not, there is no conflict of jurisdiction.

In these cases, the forfeiture proceedings are identical, and, therefore, a conflict of jurisdiction exists. Because Oakland County first filed a forfeiture complaint, the doctrine of prior exclusive jurisdiction requires that the action proceed in the Oakland Circuit Court. No such conflicts exist between the status quo proceeding in the Macomb Circuit Court and the forfeiture proceeding in the Oakland Circuit Court. Because there is no identity of remedies or relief, there is no conflict of jurisdiction, and both courts may exercise jurisdiction over their respective cases.

Reversed.

*193 Mich App 132; 483 NW2d 650 (1992) reversed.*

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Michael J. Modelski,* Chief, Appellate Division, for Oakland County.

*Anthony, Hearsch & Seibert* (by *Robert J. Seibert)* for the Chesterfield Township Police.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Carl Marlinga,* Prosecuting Attorney, and *Diane M. Hathaway,* Assistant Prosecuting Attorney, for Macomb County.

PER CURIAM. The issue presented by the application for leave to appeal filed by the Oakland County Prosecutor is whether the proceedings to forfeit cash and other items of personal property

on the ground that they were related to drug trafficking should be conducted in the Oakland Circuit Court or the Macomb Circuit Court. The Court of Appeals concluded that the case should proceed in the Macomb Circuit Court. We reverse.

I

On February 22, 1989, the Hazel Park Police Department (Oakland County) responded to a report of a disturbance and discovered 2.8 kilograms of cocaine in the trunk of an automobile that was registered to Robert Joseph Darcy. The officers seized the cocaine, as well as $12,770 in cash and $10,104.80 in cashier's checks and money orders. Ultimately there was an Oakland County citizens' grand jury investigation into the possible drug-trafficking activities of Mr. Darcy. Coöperating in the effort were the Hazel Park Police Department, the Troy Police Department, and the Oakland County Prosecutor's Office. The investigation led the authorities to conclude that Mr. Darcy was the ringleader of a drug distribution network and conspiracy in Oakland County. Large quantities of cocaine were allegedly stored at his Troy residence.

On December 19, 1989, the grand jury returned indictments that charged Mr. Darcy, Robert Jessman, and a number of other persons with various drug-related offenses. Warrants were issued, and several of those charged were arrested later that day.

Two of those who were not initially apprehended were Robert Joseph Darcy and Robert Jessman. The circumstances surrounding their later arrest are the source of this appeal.

At approximately 2:00 A.M. on December 21, 1989, Chesterfield Township (Macomb County) po-

lice officers were on routine patrol when they noticed a woman and two men acting suspiciously near the fence of a motel parking lot. When the officers approached, the woman and one of the men attempted to flee. The man was apprehended, along with the man who did not flee. They were identified as Robert Joseph Darcy and Robert Jessman. They were taken to police headquarters, along with a suitcase and a briefcase. Officers obtained a search warrant for the cases, which were found to contain approximately $580,000 in cash,[1] jewelry, and gold coins.

Officers from several Oakland County jurisdictions went to the Chesterfield Township Police Station. They identified Mr. Darcy and Mr. Jessman and arrested them pursuant to the grand jury indictments. They also requested the items that had been seized from the men, but Chesterfield Township Police refused to turn them over.

Shortly after 8:00 A.M. that same morning, the Chesterfield Police Department obtained from the Macomb Circuit Court an ex parte order that is entitled, "Order: Maintaining Status Quo." It provided:

> It is hereby ordered that Chesterfield Twp. Police Dept. shall retain all of the above described property, until further order of the court.
> It is further ordered, that this order is enforceable against all who have actual or constructive knowledge of its existence as well as any officers of the court.

On December 28, 1989, the Oakland County Prosecutor filed an appearance and a notice of claim in the Macomb Circuit Court action with

---

[1] Apparently a dog trained to detect narcotics was used in an attempt to determine if the money had been in proximity to drugs. A test was conducted and the dog reacted positively.

regard to the items seized by Chesterfield Township and covered by the status quo order.

At 9:00 A.M. on January 2, 1990, the Oakland County Prosecutor filed in Oakland Circuit Court a complaint for forfeiture, which stemmed from the ongoing Oakland County drug investigation. It listed thirty-six items, including those seized by Chesterfield Township Police.[2]

That morning, an Oakland Circuit judge issued a temporary restraining order and an order to show cause, which provided, inter alia, that the items seized by the Chesterfield Township Police Department be turned over to the Oakland County Prosecutor's Office for examination as possible evidence and for deposit. The order further provided that Robert Joseph Darcy and the Chesterfield Township Police Department appear on January 10, 1990, to show cause why the prayed-for preliminary relief should not be granted.

The complaint for forfeiture and the Oakland Circuit Court order were served on the Macomb County Prosecutor shortly thereafter. At 3:40 P.M. that same day, January 2, 1990, the Macomb County Prosecutor filed in Macomb Circuit Court his own complaint for forfeiture of the items seized by the Chesterfield Township Police Department.

An additional filing in the Macomb Circuit Court on January 2 was Oakland County's motion to dissolve the December 21 "status quo" order. On January 4, 1990, the Macomb Circuit Court denied the motion to dissolve and held that the Macomb County Prosecutor's complaint for forfeiture should be tried in Macomb County. The court

---

[2] Among the items listed were two homes in Troy, real property in Otsego County and in Oscoda County, a business known as Buster's Lounge in Utica (Macomb County), a mortgage note for real property in Shelby Township (Macomb County), various automobiles, firearms, coins, and other valuables.

permitted the Oakland County Prosecutor to obtain the seized property temporarily, for evidentiary purposes, but directed that it be returned to the Chesterfield Township Police Department. The court also directed that the "status quo" case be consolidated with the forfeiture case that had been initiated by the Macomb County Prosecutor.

Oakland County filed an application for leave to appeal the denial of the motion to dissolve the status quo order. The Court of Appeals granted leave on March 7, 1990.

On March 19, 1990, cross-motions for summary disposition brought by Oakland County and Chesterfield Township were heard in the Macomb forfeiture case. The court stayed all proceedings pending the Court of Appeals decision on the appeal.

On May 9, 1990, the Oakland Circuit Court denied Chesterfield Township's motion for summary disposition, which had sought elimination from the Oakland County forfeiture complaint of those items that had been seized by the Chesterfield Township Police on December 21, 1989.

The township appealed, and the Court of Appeals granted leave to appeal on July 13, 1990. The Court consolidated the appeal with the appeal of Macomb's action and stayed any further proceedings in the Oakland Circuit Court.

II

In an opinion dated February 18, 1992, the Court of Appeals affirmed the Macomb Circuit Court order that had denied the motion to dissolve the status quo order, and reversed the Oakland Circuit Court order that had denied the township's motion for summary disposition. The panel remanded for proceedings consistent with the opin-

ion. It did not retain jurisdiction. 193 Mich App 132; 483 NW2d 650 (1992).

The Court of Appeals first observed that forfeiture actions are *in rem* proceedings. *In re Forfeiture of $28,088 of United States Currency,* 172 Mich App 200, 203; 431 NW2d 437 (1988). *In rem* jurisdiction over personal property within Michigan lies with courts of record in this state. MCL 600.755; MSA 27A.755. Accordingly, both the Macomb Circuit and the Oakland Circuit Courts have jurisdiction over the items seized by the Chesterfield Township Police.

The panel said that the determination of jurisdiction does not end the analysis, however. Venue must be determined. Venue involving claims concerning the recovery of personal property lies in the county in which the subject of the action is situated. MCL 600.1605; MSA 27A.1605.[3] Property taken or detained pursuant to forfeiture proceedings is deemed to be in the custody of the seizing agency. MCL 333.7523(2); MSA 14.15(7523)(2).[4]

Turning to Oakland County's argument that venue should be in Oakland because the Macomb County action involves claims arising from the same transaction or occurrence as the Oakland County action, and that Oakland County is where most of the property is situated, the Court of

---

[3]  The county in which the subject of action, or any part thereof, is situated, is a proper county in which to commence and try the following actions:

\*   \*   \*

(d) the recovery of tangible personal property.

[4]  Property taken or detained under this article or pursuant to section 17766a shall not be subject to an action to recover personal property, but is deemed to be in the custody of the seizing agency subject only to this section or an order and judgment of the court having jurisdiction over the forfeiture proceedings.

Appeals observed that Oakland County had not asked the Macomb Circuit Court to join the claims or to change venue. Issues and arguments raised for the first time on appeal are not subject to review. *Bloemsma v Auto Club Ins Ass'n (After Remand),* 190 Mich App 686, 692; 476 NW2d 487 (1991).

Finally, the Court of Appeals rejected Chesterfield Township's argument that only it had standing to bring forfeiture proceedings regarding the property seized on December 21, 1989. Agencies "substantially involved in effecting the forfeiture" are to participate in the equitable distribution of forfeited assets. MCL 333.7524(1)(b)(ii); MSA 14.15(7524)(1)(b)(ii).[5] 193 Mich App 136.

The Oakland County Prosecutor seeks leave to appeal in this Court.

### III

The position of the Oakland County Prosecutor is that because his forfeiture complaint was filed earlier, on January 2, 1990, than the complaint filed by the Macomb County Prosecutor, it is the Oakland Circuit Court that has exclusive jurisdiction. Chesterfield Township, on the other hand, argues that the Macomb Circuit Court's December 21, 1989, "status quo" order constituted the taking of jurisdiction over the *res,* precluding another court from doing so.

Each party relies on cases that have held that

---

[5] The balance remaining after the payment of expenses shall be distributed by the court having jurisdiction over the forfeiture proceedings to the entity having budgetary authority over the seizing agency. *If more than 1 agency was substantially involved in effecting the forfeiture, the court having jurisdiction over the forfeiture proceeding shall equitably distribute the money* among the entities having budgetary authority over the seizing agencies. [Emphasis added.]

courts may not assume *in rem* jurisdiction over a *res* that has already come under the jurisdiction of another court—i.e., the doctrine of prior exclusive jurisdiction.[6] The doctrine of prior exclusive jurisdiction has long been recognized in Michigan. Generally, once a court has exercised its jurisdiction over an item, other courts "of co-ordinate authority" may not interfere with the first court's action. *Maclean v Wayne Circuit Judge,* 52 Mich 257, 259; 18 NW 396 (1884):

> It is a familiar principle that when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process.

However, this rule is not without its limits. For a court to possess "co-ordinate authority" the "two proceedings must be in all respects identical, as to the identity of the parties, the subject matter involved, the nature of the remedies, and the character of the relief sought." *Detroit Trust Co v Manilow,* 272 Mich 211, 214-215; 261 NW 303 (1935). Where the two proceedings are not identical, there is no conflict of jurisdiction.

In this instance, the two forfeiture proceedings can be said to be identical. While it is true that the suit in Oakland County seeks to forfeit more

---

[6] E.g., *United States v One 1985 Cadillac Seville,* 866 F2d 1142, 1145 (CA 9, 1989); *United States v $79,123.49 in United States Cash & Currency,* 830 F2d 94 (CA 7, 1987).

than what is sought in Macomb County, with regard to the Macomb proceeding—suitcases with cash and jewelry—the Oakland County suit also covers these items. Thus, there is identity of subject matter. The parties are the same; in each case both Oakland and Macomb Counties claim the property for themselves. We also have identical remedies being sought—forfeiture of the items seized. A conflict of jurisdiction, therefore, exists.

No such conflict exists between the Macomb status quo proceeding and the Oakland forfeiture proceeding. Because there is no identity of remedies/relief, there is no conflict of jurisdiction, and both courts may exercise jurisdiction over their respective cases. The Macomb status quo petition[7] does not request a judgment of forfeiture. Rather,

[7] The petition said:

Petitioner, Chesterfield Twp. Police states:

1. That on 12-21-89, while on routine patrol, L & K Motel parking lot, observed (3) people trying to conceal themselves by the fence, near them were a suitcase and a briefcase. (2) of the three people tried to flee, then two were apprehended, except the female.

2. That the apprehended people had left the suitcases behind and then disclaimed ownership or interest in them. Search warrant was obtained for the suitcases, and a large sum of cash, jewelry and documents were found and taken into custody.

3. By computer checks and personal confirmation it was learned that the detained subjects had been recently indicted for drug trafficking.

4. A narcotics sniffing dog handled by St. Clair County Sheriff Deputy, was called and the dog twice confirmed the recent proximity of the money to drugs.

5. It is believed that Chesterfield Twp. Police, Troy Police, Oakland County Pros. Office, among others will make claim to forfeit the money, as well as any ownership claims later made by defendants.

6. It is necessary to preserve the status of the money and jewelry and documents, in the safe care and custody of Chesterfield Twp. Police, until all claims have been determined.

Wherefore, petitioner requests an order maintaining status Quo.

it asserted that it was "necessary to preserve the status of the money and jewelry and documents, in the safe care and custody of Chesterfield Twp. Police, until all claims have been determined," and requested only "an order maintaining status Quo." Thus, even the petitioner, Chesterfield Township Police, recognized that a separate forfeiture complaint would have to be filed.

The order issued by the Macomb Circuit Court allowed the police department to retain possession of the items, but did not serve to initiate or confer jurisdiction on the Macomb Circuit Court over the actual forfeiture proceeding. As the federal Court of Appeals for the Ninth Circuit so aptly stated, "Although we are familiar with the maxim, 'possession is nine-tenths of the law,' we prefer to apply the remaining one-tenth and decline to 'substitute a rule of force for the principle of mutual respect embodied in the prior exclusive jurisdiction doctrine.'" *United States v One 1985 Cadillac Seville,* 866 F2d 1142, 1146 (CA 9, 1989), quoting *United States v $79,123.49 in United States Cash & Currency,* 830 F2d 94, 98 (CA 7, 1987).

Thus, because Oakland County was the first to file a forfeiture complaint, the doctrine of prior exclusive jurisdiction requires that the action proceed in the Oakland Circuit Court.

We recognize that this state of affairs leads to the spectre of a "race to the courthouse" by competing law enforcement agencies interested in acquiring forfeited property. Perhaps the Legislature should consider amending the statute to provide for rules governing these multijurisdictional situations. We note, however, as did the Court of Appeals, that the statute provides for equitable distribution of the proceeds of forfeiture actions among the law enforcement agencies who were substantially involved in effecting the forfeiture. Thus, the

agency able to file first does not guarantee itself a greater share of the proceeds. We can see no reason to believe that the ultimate disposition of forfeited property could not be equitably arranged by the judges of whatever courts in which these matters are tried.[8] We express no opinion regarding the appropriate disposition of any of the proceeds of the forfeiture action in the Oakland Circuit Court, should it ultimately be determined that some or all of the property is forfeitable.

Accordingly, the judgment of the Court of Appeals is reversed.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

[8] Obviously, there will be cases in which a change of venue might be appropriate. Cf. *In re Forfeiture of $1,159,420,* 194 Mich App 134; 486 NW2d 326 (1992).

As noted earlier, the Court of Appeals seems to have concluded that venue was proper only in Macomb County with regard to the property seized there. The court relied on MCL 600.1605; MSA 27A.1605, governing venue of actions to recover tangible personal property. However, this is not such an action, and, indeed, the drug forfeiture statute says that property seized under those provisions "shall not be subject to an action to recover personal property." MCL 333.7523(2); MSA 14.15(7523)(2). Further, the venue statute itself provides that venue is proper in a county where the personal property that is the subject of the action, "or any part thereof," is situated. MCL 600.1605; MSA 27A.1605. Assuming that joining all the items of property involved in the Oakland complaint was proper, venue would have been proper in Oakland County with respect to all the items.