STATE TREASURER v DOWNER

Docket No. 132596. Submitted December 2, 1992, at Lansing. Decided February 3, 1993; approved for publication April 22, 1993, at 9:10 A.M.

The State Treasurer brought an action in the Wayne Circuit Court against Robert Downer, seeking reimbursement pursuant to the State Correctional Facility Reimbursement Act, MCL 800.401 et seq.; MSA 28.1701 et seq., for the cost of the defendant's incarceration. Following a hearing, the court, Charles Kaufman, J., ordered that ninety percent of the defendant's federal income tax refund be turned over to the state. The defendant appealed.

The Court of Appeals held:

MCL 800.404(5); MSA 28.1704(5) provides that at a hearing regarding a complaint filed under the reimbursement act, the court must take into consideration any legal obligation of the defendant to support a spouse, minor children, or other dependents and any moral obligation to support dependents to whom the defendant provides or has provided support.

In this case, the trial court did not consider the defendant's alleged support obligations, requiring that the case be remanded for such consideration.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *E. David Brockman,* Assistant Attorney General, for the plaintiff.

Robert Downer, in propria persona.

Before: HOLBROOK, JR., P.J., and FITZGERALD and D. A. ROBERSON,* JJ.

PER CURIAM. Plaintiff brought this civil action in the Wayne Circuit Court against defendant pursu-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

ant to the State Correctional Facility Reimbursement Act, MCL 800.401 *et seq.*; MSA 28.1701 *et seq.* Plaintiff sought reimbursement for the cost of defendant's incarceration in an amount equal to ninety percent of defendant's $1,661.92 federal income tax refund. Following a show-cause hearing, the trial court ordered ninety percent of the refund transferred to the state. Defendant now appeals as of right. We reverse and remand for further proceedings.

MCL 800.404(5); MSA 28.1704(5) provides:

> At the hearing on the complaint and order and before entering any order on behalf of the state against the defendant, the court shall take into consideration any legal obligation of the defendant to support a spouse, minor children, or other dependents and any moral obligation to support dependents to whom the defendant is providing or has in fact provided support.

During the brief hearing, it was revealed that defendant had a wife, daughter, and several stepchildren that he had supported or wished to support. Defendant desired to subpoena these people in order to establish his support obligations. The trial court denied his request, stating, "I agree that you have other people that need your money and need your support, but the State of Michigan got there first." The trial court ordered that the state be reimbursed with ninety percent of the income tax refund, the maximum amount of reimbursement allowed by statute. MCL 800.403(3); MSA 28.1703(3).

The mandatory language of subsection 4(5) requires a trial court to "take into consideration" a defendant's legal or moral support obligations before entering an order against a defendant. While the statute's requirement is admittedly nebulous, there is no indication in the record before us that

any consideration whatsoever was given to defendant's alleged obligations. We therefore reverse the order of the trial court and remand this case for further proceedings. In the event that plaintiff disputes defendant's account of his obligations, an evidentiary hearing shall be held. We reject plaintiff's argument that "support," as that term is used in subsection 4(5), means support pursuant to an order or judgment.

Defendant's remaining issues are either without merit or not properly before us. The deputy warden's written authorization, later put on hold pending the outcome of the hearing, to transmit $600 of defendant's refund to his daughter for dental work was not a "release" of plaintiff's legal claim to the refund because, among other reasons, the authorization was gratuitous and without consideration. *Babcock v Public Bank,* 366 Mich 124, 135; 114 NW2d 159 (1962). Defendant failed to preserve for appellate review the discovery issue raised on appeal. Defendant failed to move to compel discovery and failed to object at the hearing. Defendant's argument that plaintiff's complaint failed to state a claim upon which relief could be granted is without merit. See *State Treasurer v Cuellar,* 190 Mich App 464, 466-467; 476 NW2d 644 (1991). Defendant's argument concerning an alleged denial of assistance of counsel is unsupported by relevant authority and has been abandoned on appeal. *People v Fowler,* 193 Mich App 358, 361; 483 NW2d 626 (1992). Defendant's final argument is not properly before us because it is raised for the first time on appeal. *In re Forfeiture of Suitcases,* 193 Mich App 132, 136; 483 NW2d 650 (1992), rev'd on other grounds 441 Mich 77; 490 NW2d 322 (1992).

Reversed and remanded. We do not retain jurisdiction.