PEOPLE v MARTIN

Docket No. 130487. Submitted September 16, 1992, at Lansing. Decided April 5, 1993, at 9:45 A.M.

Gregory L. Martin pleaded guilty in the Ingham Circuit Court, James T. Kallman, J., of one count of delivery of less than fifty grams of cocaine and one count of possession with intent to deliver less than fifty grams of cocaine. The defendant reserved the right to appeal the denial of his motion to quash the information on the ground of entrapment.

The Court of Appeals *held:*

The trial court did not clearly err in denying the motion to quash after finding that the defendant was a cautious but ready supplier of cocaine. The trial court did not find that the police and the informant had an agreement that the informant would receive the last installment of his payment for making controlled purchases of cocaine only after the defendant was convicted. Had the court found that such an agreement existed, a finding of entrapment would have been proper. In fact, the issue was not raised in the trial court and, therefore, was not preserved for appeal.

Affirmed.

MacKenzie, P.J., dissenting, stated that the record supports a finding of entrapment on the basis that the police conduct was so reprehensible that it should not be tolerated.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*Hugh B. Clarke, Jr.,* for the defendant.

Before: MacKenzie, P.J., and Weaver and McDonald, JJ.

McDonald, J. Pursuant to a plea agreement,

defendant pleaded guilty of one count of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and one count of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(1); MSA 14.15(7401)(1). As part of the agreement, defendant reserved the right to appeal from the trial court's denial of his motion to quash the information on grounds of entrapment. We affirm.

Our review of the record reveals no clear error in the trial court's denial of defendant's motion whether reviewed pursuant to the test for entrapment applicable at the time the trial court rendered its decision, see *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), or the recent variation of the objective test announced by the Supreme Court in *People v Juillet,* 439 Mich 34; 475 NW2d 786 (1991). See *People v Fabiano,* 192 Mich App 523; 482 NW2d 467 (1992).

The police did not initiate contact with the informant. After a souring of the relationship between the informant and defendant, the informant contacted the police and provided them with the information that defendant was involved in drug trafficking. There is no dispute that the informant subsequently made several controlled purchases of drugs from defendant. However, beyond this point, the record reveals two vastly divergent stories. One portrays defendant as a cautious but ready supplier of cocaine while the other portrays defendant as a targeted bystander badgered and cajoled into providing the drugs to the informant. Our colleague in her dissent has chosen to accept the latter version whereas the trial court, being in the best position to judge credibility, chose the former. We will not substitute our judgment for that of the trial court.

Additionally, we feel compelled to address the

dissent's suggestion that the informant had a monetary interest in the outcome of the case. Specifically, the dissent suggests the police and the informant had an "agreement" that the informant would receive the last installment of his payment only upon defendant's ultimate conviction. Had the trial court found that such an "agreement" existed, we would agree with the dissent and find defendant was improperly entrapped. However, no such finding was made. In fact, this issue was not raised in the trial court or raised directly on appeal. Because the issue was not raised in the trial court, the record does not adequately address the question. When testifying regarding his agreement with the police, the informant used the term "conviction" when referring to the completion of the proceedings and the receipt of the last payment. However, the police officer, when questioned about the agreement, referred to the informant's last payment being due upon the "completion" of the proceedings. Once again, because the issue was not raised in the trial court no further inquiry into the apparent discrepancy was made. We will not act the part of a trial court and make findings of fact using an incomplete record. A party waives review of issues not decided by the trial court. *Chilingirian v Fraser,* 194 Mich App 65; 486 NW2d 347 (1992); *In re Forfeiture of Suitcases,* 193 Mich App 132; 483 NW2d 650 (1992).

Affirmed.

WEAVER, J., concurred.

MACKENZIE, P.J. *(dissenting).* I respectfully dissent.

The record indicates that the police knew the informant in this case, Robert McEwen, was a longtime friend of defendant. The police were also

aware that McEwen was unemployed and needed money, and that he was willing to buy cocaine from defendant for $100 a transaction. Moreover, during the course of their pursuit of a case against defendant, the police discovered that defendant would not sell cocaine to anyone but McEwen, and then only with some reluctance. The record also suggests that McEwen came to realize that the police needed his cooperation to build a case against defendant. This culminated in an agreement that the police would pay McEwen $5,000 for his assistance in buying more cocaine from defendant—payable in installments of $2,000 upon defendant's arrest and $3,000 upon defendant's conviction. According to McEwen, the police also promised him an additional $5,000 out of funds obtained from later forfeiture proceedings. In short, the police allowed the informant to pick out defendant as a target, created a situation whereby the informant had a monetary stake in the outcome of the case against defendant, and allowed the informant to parlay the pursuit of defendant into a livelihood.

In *People v Fabiano,* 192 Mich App 523, 526; 482 NW2d 467 (1992), this Court held that the Supreme Court decision in *People v Juillet,* 439 Mich 34; 475 NW2d 786 (1991), effectively changed the nature of the objective test for entrapment so that entrapment is present if the police either engaged in impermissible conduct that would induce a law-abiding person similarly situated to the defendant to commit the crime or engaged in conduct so reprehensible that it cannot be tolerated by the Court. *People v Williams,* 196 Mich App 656; 493 NW2d 507 (1992). Entrapment exists if either prong of this test is met. *Id.* Under the circumstances of this case, where, in the face of defendant's reluctance to sell, the police capitalized on

both the informant's desire to make money and his longstanding relationship with defendant, I would conclude that the police conduct was so reprehensible that it should not be tolerated. Accordingly, I would reverse.