# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUWAN ROBERT MCCREARY,

        Defendant-Appellant.

UNPUBLISHED
May 15, 2018

No. 334878
Wayne Circuit Court
LC No. 16-004041-01-FH

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

Defendant, Juwan Robert McCreary, appeals as of right his bench trial convictions for assault with intent to inflict great bodily harm less than murder (AWIGBH), MCL 750.84, and aggravated assault, MCL 750.81a. McCreary was sentenced to two years' probation, with the first 180 days in jail, for each conviction, to be served concurrently. We vacate McCreary's conviction and sentence for aggravated assault and affirm his conviction for AWIGBH.

## I. BACKGROUND

McCreary and the victim, Corey Wright, had been acquainted for several months. McCreary worked with Wright in Wright's landscaping business. On January 5, 2016, they had a disagreement about a lawnmower and two edgers that belonged to Wright. Wright testified that he saw McCreary steal the equipment. McCreary testified that Wright gave him the equipment as collateral for a $125 loan but Wright subsequently demanded it back at gunpoint without repaying the loan. Wright called the police, but the police arrested Wright for assaulting McCreary with a shotgun. McCreary maintained that he did not want to press charges.

On January 12, 2016, Wright was at a liquor store when McCreary entered the store with another man. McCreary told Wright he should not have "snitched" on McCreary. McCreary, who was wearing brass knuckles, and the other man began punching and kicking Wright in the face and head. Both men stomped on Wright and dragged him by his hair while he was on his hands and knees. The man behind the counter stopped the fight, and the two men left. Wright's wife took him to the hospital, where he was treated for cuts on his face, eye, and knees, as well as a few bumps on the back of his head.

McCreary testified that he was not in the liquor store at any time on January 12, 2016, nor did he have any contact with Wright that day. He swore that he was at home with his

-1-

girlfriend all day playing video games. The prosecution presented no evidence besides Wright's testimony to establish that McCreary was the person who assaulted Wright. Sitting as the fact-finder, the trial court credited Wright's testimony about the assault and found McCreary guilty of both offenses.

McCreary's appellate counsel subsequently obtained a copy of the police report about the January 5 lawnmower incident culminating in Wright's arrest for assaulting McCreary with a shotgun. The trial court held a *Ginther*[1] hearing on McCreary's motion for a new trial, alleging that counsel was ineffective for failing to obtain the police report and impeach Wright's testimony. McCreary's trial counsel testified that McCreary told him there was no police report because he had decided not to press charges. McCreary testified to the contrary. The trial court credited trial counsel's testimony and denied McCreary's motion for a new trial.

## II. INCONSISTENT VERDICT

McCreary argues that guilty verdicts for AWIGBH and aggravated assault are impermissibly inconsistent. We agree. McCreary did not preserve this issue, so we review it for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). A ruling that contradicts established caselaw is plain error. *Id*. at 770.

A "trial judge sitting as the trier of fact may *not* enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (quotation marks and citation omitted). A verdict is inconsistent when the factual findings are inconsistent "and cannot be rationally reconciled." *Ellis*, 468 Mich at 27. MCL 750.84(1)(a) provides that a "person who . . . [a]ssaults another person with intent to do great bodily harm, less than the crime of murder" is "guilty of a felony." In contrast, aggravated assault occurs when a person "assaults an individual without a weapon and inflicts serious or aggravated injury upon that individual *without intending* to commit murder or to inflict great bodily harm less than murder . . . ." MCL 750.81a(1) (emphasis added). This Court recently held that simultaneous convictions for aggravated assault and AWIGBH are inconsistent because they are mutually exclusive. *People v Davis*, 320 Mich App 484, 489-496; 905 NW2d 482 (2017). "One requires the defendant to act with the specific intent to do great bodily harm less than murder; the other is committed without intent to do great bodily harm less than murder." *Id*. at 490 (citation omitted). Accordingly, a defendant cannot be guilty of both offenses arising out of the same conduct because he cannot act with and without intent at the same time. *Davis*, 320 Mich App at 490. Because the "jury affirmatively found that defendant acted with the intent to do great bodily harm less than murder when it convicted defendant of AWIGBH[,]" this Court affirmed that conviction and vacated the defendant's conviction and sentence for aggravated assault. *Id*. at 495-496.

In the present case, both of McCreary's convictions cannot stand under *Davis*. The trial court found that McCreary intended to inflict great bodily harm less than murder on Wright. Therefore, the conviction for aggravated assault was plain error under *Davis*, and we vacate McCreary's conviction and sentence for aggravated assault.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## III. INSUFFICIENT EVIDENCE

McCreary next argues that the evidence was insufficient to support his convictions because Wright's testimony, which was the only evidence identifying McCreary as the assailant, was not credible. We disagree. We review a challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id*. We resolve conflicts in the evidence in the prosecution's favor. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). This Court defers "to the trial court's resolution of factual issues, especially where it involves the credibility of witnesses." *People v Cartwright*, 454 Mich 550, 555; 563 NW2d 208 (1997). The trial court is in the best position to judge a witness's credibility, and "[w]e will not substitute our judgment for that of the trial court." *People v Martin*, 199 Mich App 124, 125; 501 NW2d 198 (1993).

Identity "is always an essential element in a criminal prosecution . . . ." *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976). Accordingly, the prosecution must also prove beyond a reasonable doubt that the defendant was the perpetrator of the crime. *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). The testimony of the complaining witness is sufficient to identify the defendant as the perpetrator. *Id*. at 410. In this case, Wright was previously acquainted with McCreary, and Wright testified that McCreary assaulted him in the liquor store that night. The trial court credited Wright's testimony about the assault, and we decline to second-guess that decision. In short, McCreary's challenge to the sufficiency of the evidence fails.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, McCreary argues that trial counsel's failure to obtain the police report of the January 5 disagreement between McCreary and Wright over the lawnmower constituted ineffective assistance of counsel. We disagree. A trial court's decision whether to grant a new trial is reviewed for an abuse of discretion, which occurs "when the trial court's decision is outside the range of principled outcomes." *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012) (quotation marks and citation omitted). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law. A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review fact findings for clear error and constitutional claims de novo. *Russell*, 297 Mich App at 715. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). To establish ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012).

In this case, the trial court properly rejected McCreary's ineffective assistance of counsel claim because McCreary did not demonstrate that trial counsel's performance was objectively

unreasonable. The trial court did not clearly err by crediting trial counsel's testimony that McCreary told him that he did not file a police report over McCreary's testimony that he did. At the *Ginther* hearing, trial counsel testified that McCreary told him that Wright threatened him with a shotgun but did not report it to the police because he did not want to press charges. If he had known of the report's existence, trial counsel stated, he would have used it to impeach Wright. In contrast, McCreary testified that he told trial counsel that the police did write up a report but he did not press charges. McCreary further repeated his trial testimony that he was never at the liquor store that day and he was with his girlfriend the entire day. He then admitted that he had walked to the liquor store with his neighbor that day. He also admitted that he lied to his trial counsel when he told him he was not at the store that day. In light of these admissions, the trial court did not err by crediting trial counsel's testimony and concluding that his performance was not deficient.

We vacate McCreary's conviction and sentence for aggravated assault. We affirm in all other respects.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly