BLOEMSMA v AUTO CLUB INSURANCE ASSOCIATION (AFTER REMAND)

Docket Nos. 121616, 123235. Submitted January 15, 1991, at Grand Rapids. Decided August 19, 1991, at 9:35 A.M.

Thomas B. Bloemsma, as next friend of Charles T. Bloemsma, a minor, brought an action in the Ottawa Circuit Court against Auto Club Insurance Association for personal injury protection benefits and penalty interest. The court, Calvin C. Bosman, J., awarded the plaintiff reimbursement for certain transportation services, plus penalty and judgment interest, finding that the defendant's delay in payment was reasonable, except for the delay in payment for the transportation services. The court also awarded limited attorney fees. The plaintiff appealed, and the Court of Appeals, HOLBROOK, JR., P.J., and MURPHY and C. O. GRATHWOHL, JJ., reversed, holding that the court erred in finding that the defendant's delay in paying personal injury protection benefits was reasonable, remanded the case for recalculation of penalty and judgment interest, and ordered the court to award reasonable attorney fees to the plaintiff. 174 Mich App 692 (1989). On remand, the court awarded the plaintiff attorney fees up to the day of the trial, but denied the plaintiff's request for fees that accrued during and after trial and on appeal, granting instead statutory costs for the original action and for the appeal. The plaintiff appealed, alleging that the court erred in not awarding attorney fees for services provided during and after trial, and on appeal and in not awarding actual costs. The defendant cross appealed, alleging that the plaintiff's claim for appellate attorney fees and costs was vexatious and frivolous and that, therefore, it was entitled to reasonable attorney fees. The appeals were consolidated.

After remand, the Court of Appeals *held:*

1. The court erred in not awarding the plaintiff attorney fees for services rendered during trial and on appeal. The case must be remanded again for determination of reasonable attorney

REFERENCES

Am Jur 2d, Automobile Insurance § 345.

See the Index to Annotations under Attorneys' Fees; Automobile Insurance; No-Fault Insurance.

fees for services rendered up to and including the trial and the appeal.

2. The court did not abuse its discretion in determining that $75 an hour was a reasonable attorney fee.

3. The court properly awarded statutory costs, not actual costs, for the original action, and was without jurisdiction to tax costs incurred on appeal. By failing to file a bill of costs with the Court of Appeals as required by MCR 7.219, the plaintiff waived his right to costs with regard to the first appeal.

4. The defendant's claim on cross appeal is without merit.

Reversed and remanded.

1. INSURANCE — NO-FAULT — APPEAL — ATTORNEY FEES.

An award of attorney fees under the provision of the no-fault act that permits an award of attorney fees when the court finds that an insurer unreasonably refused to pay a claim or unreasonably delayed in making proper payment is not limited to services rendered at the trial court level and may include services rendered on appeal (MCL 500.3148[1]; MSA 24.13148[1]).

2. INSURANCE — NO-FAULT — REFUSAL OR DELAY IN PAYMENT — COSTS.

The provision of the no-fault act that provides for an award of attorney fees when the court finds that an insurer unreasonably refused to pay a claim or unreasonably delayed in making proper payment does not authorize an award of actual costs (MCL 500.3148[1]; MSA 24.13148[1]).

3. COURTS — JURISDICTION — COSTS — APPEAL.

A circuit court has no authority to tax costs incurred in an appeal to the Court of Appeals.

*Giddy & Associates* (by *Ronald J. Giddy*), for the plaintiff.

*Cunningham, Mulder & Breese, P.C.* (by *Kenneth B. Breese*), for the defendant.

AFTER REMAND

Before: DOCTOROFF, P.J., and MAHER and CAVANAGH, JJ.

DOCTOROFF, P.J. Plaintiff appeals as of right from orders of the circuit court awarding attorney fees and costs to plaintiff. Plaintiff argues that the trial court erred in not awarding attorney fees for services provided during trial, after trial, and on appeal and in not awarding actual costs. Defendant cross appeals, asserting that plaintiff's claim for appellate attorney fees and costs is vexatious and frivolous and, therefore, it is entitled to reasonable attorney fees. The appeals were consolidated by the Court of Appeals. We reverse and remand.

This case is before us for the second time. In its first opinion, this Court held that the trial court erred in finding that defendant's delay in making personal injury protection benefit payments to plaintiff was reasonable and remanded for recalculation of penalty interest and judgment interest. *Bloemsma v Auto Club Ins Co,* 174 Mich App 692; 436 NW2d 442 (1989). This Court also ordered the trial court to award reasonable attorney fees to plaintiff. *Id.,* p 698.

On remand, the trial court issued an opinion dated Friday, June 2, 1989, and filed Monday, June 5, 1989, awarding plaintiff attorney fees in the amount of $4,269. This award was based on a statement submitted by plaintiff's attorney during trial on December 5, 1986, which itemized services provided through December 4, 1986. The court determined that $75 an hour was a reasonable fee for the 56.92 hours expended.

On June 5, 1989, plaintiff, before receiving notice of the trial court's order, filed a motion for attorney fees and costs, claiming attorney fees for the December 5, 1986, trial and for hours expended after the December 5, 1986, trial. At a hearing on June 12, 1989, the trial court denied

plaintiff's request for additional attorney fees, but granted plaintiff's request for costs, including those incurred on appeal. An order in accordance with the trial court's ruling was entered on September 21, 1989. A third order was entered on November 2, 1989, setting forth the costs allowed.

Plaintiff argues that the trial court erred in not awarding attorney fees for services provided during trial and on appeal. Plaintiff contends that he is entitled to an award of those fees because the time spent during trial and on the two appeals was expended in an effort to collect the benefits claimed.

In this case, attorney fees were granted pursuant to MCL 500.3148(1); MSA 24.13148(1), which states:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

In determining the reasonableness of an attorney's fee, the trial court should consider (1) the professional standing and experience of the attorney, (2) the skill, time, and labor involved, (3) the amount in question and results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship between the attorney and client. *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). However, the trial court is not limited to these factors and need not detail its findings with regard to each specific factor. *Id.* An award of attorney fees will be upheld on appeal unless the

trial court's determination regarding the "reasonableness" issue was an abuse of discretion. *Id.; Smolen v Dahlmann Apartments, Ltd,* 186 Mich App 292, 296; 463 NW2d 261 (1990).

The trial court's denial of plaintiff's request for fees other than those itemized in the statement submitted on the day of trial was based on its conclusion that the case had been remanded for the recalculation of attorney fees and not to allow the presentation of additional evidence. We agree with plaintiff that the trial court erred. This matter was remanded to the trial court with instructions that it award reasonable attorney fees to plaintiff. The determination of reasonable attorney fees requires that the trial court take into account the totality of the circumstances of the case. *Id.,* p 297. We are unable to find any authority for the trial court's conclusion that plaintiff's attorney was prohibited on remand from presenting evidence related to the time, labor, and expenses involved in advising and representing plaintiff during trial and thereafter. Clearly, plaintiff was entitled to a reasonable attorney fee for the services rendered on this matter up to and including trial.

Plaintiff also argues that the trial court erred in not awarding attorney fees for the services rendered on appeal. We agree.

This Court has held that a statutory provision for attorney fees applies to appellate proceedings when the statute does not place any restrictions on the recovery of attorney fees and does not limit attorney fees to services rendered at the trial court level. *Smolen, supra* (provision for attorney fees under the Michigan Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.,* applies to appellate proceedings). Although the provision for attorney fees at issue here, MCL 500.3148(1);

MSA 24.13148(1), restricts an award of attorney fees to cases in which the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment, no other restrictions are imposed, and the award of attorney fees is not limited to services rendered at the trial court level. We conclude that attorney fees for services on appeal can be awarded under MCL 500.3148(1); MSA 24.13148(1). Thus, on remand, the trial court is to consider services rendered on appeal.

Plaintiff also argues that the trial court abused its discretion in determining that $75 an hour was reasonable and that it failed to consider the contingency fee arrangement. In its opinion, the trial court stated that it considered the factors listed in *Wood* in determining a reasonable fee, but did not indicate its findings on any of the factors. We are not convinced and will not assume that the trial court abused its discretion in determining that $75 an hour was reasonable. We also decline to address plaintiff's assertion that the trial court failed to consider the contingency fee arrangement. The record provided to this Court indicates that plaintiff sought attorney fees based upon the time and labor expended by counsel, and not based upon a contingency fee arrangement. Error requiring reversal must be that of the trial court, and not error to which the appellant contributed by plan or negligence. *Smith v Musgrove,* 372 Mich 329, 337; 125 NW2d 869 (1964); *Harrigan v Ford Motor Co,* 159 Mich App 776, 786; 406 NW2d 917 (1987), app dis 431 Mich 905 (1988).

Plaintiff next claims that the trial court erred in not awarding actual costs. In its December 1986 opinion, January 1987 order, and June 1989 opinion, the trial court awarded plaintiff statutory costs. Attached to plaintiff's motion for attorney

fees and costs was an itemized statement listing actual costs apparently incurred both in presenting the original action to the trial court and to this Court on appeal. At the June 12, 1989, hearing and in its September 21, 1989, order, the trial court awarded plaintiff taxable costs incurred on appeal.

Plaintiff claims that the trial court erred in allowing only taxable costs, arguing that, by providing for an award of a reasonable attorney fee, MCL 500.3148(1); MSA 24.13148(1) authorizes an award of actual costs.

Plaintiff's argument is without merit. The power to tax costs is wholly statutory. *Herrera v Levine,* 176 Mich App 350, 357; 439 NW2d 378 (1989); *Brown v Dep't of State Hwys,* 126 Mich App 392, 396; 337 NW2d 76 (1983). Costs are not recoverable where there is no statutory authority for awarding them. *Id.*

Where the language of a statute is clear and unambiguous, judicial interpretation is precluded, and this Court should not look beyond the ordinary meaning of the unambiguous language in giving effect to the statute. *Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). MCL 500.3148(1); MSA 24.13148(1) clearly provides for only an award of attorney fees. There is no express authorization for an award of actual costs.

We also reject as untimely plaintiff's argument that the trial court should have awarded actual costs pursuant to MCL 600.2591; MSA 27A.2591. Issues and arguments raised for the first time on appeal are not subject to review. *Petrus v Dickinson Co Bd of Comm'rs,* 184 Mich App 282, 288; 457 NW2d 359 (1990).

We must, however, reverse the trial court's award of taxable costs incurred on appeal. The

trial court was without jurisdiction to tax costs incurred on appeal. *Lopez-Flores v Hamburg Twp,* 185 Mich App 49, 53; 460 NW2d 268 (1990); *Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 115 Mich App 356, 365; 320 NW2d 376 (1982). Furthermore, by failing to file a bill of costs with this Court as required by MCR 7.219, plaintiff waived his right to costs incurred on the first appeal.

Defendant's claim on cross appeal that plaintiff's claims on appeal are frivolous and vexatious is without merit.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.