McKELVIE v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 185572. Submitted November 5, 1996, at Detroit. Decided May 13, 1997, at 9:15 A.M. Leave to appeal sought.

Frank G. McKelvie brought an action in the Macomb Circuit Court against Auto Club Insurance Association, his no-fault automobile insurance carrier, seeking personal protection insurance benefits. The defendant paid some of the claimed benefits before trial, and a jury awarded most, but not all, of the other claimed benefits. The court, Kenneth N. Sanborn, J., awarded attorney fees to the plaintiff pursuant to MCL 500.3148(1); MSA 24.13148(1), ruling that the defendant had unreasonably refused to pay some of the benefits. The defendant paid the benefits for which the jury found it liable. The defendant appealed to challenge only the trial court's ruling that the defendant had unreasonably refused to pay benefits. The Court of Appeals, BRENNAN, P.J., and REILLY and R. J. DANHOF, JJ., affirmed the decision of the trial court. 203 Mich App 331 (1994). The plaintiff filed a motion in the trial court for an award under § 3148 of attorney fees incurred on appeal. The trial court, George E. Montgomery, J., denied the motion. The plaintiff appealed.

The Court of Appeals *held*:

Section 3148(1) provides that an attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue and that the fee shall be a charge against the insurer in addition to the benefits recovered if a court finds that an insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. Here, the defendant's unreasonable denial of benefits subjects it to liability for reasonable attorney fees incurred by the plaintiff for all litigation, including appeals, arising as a consequence of the unreasonable denial. The underlying action and the ensuing appeals are part of an action for personal or property protection insurance benefits for purposes of § 3148(1). The fact that benefits were paid following the entry of the judgment but before the initial appeal does not convert the action from one for overdue benefits to one for attorney fees.

On remand, the trial court must conduct an evidentiary hearing to consider additional arguments by the defendant against the

imposition of appellate attorney fees and, if those arguments are found to be without merit, to award to the plaintiff reasonable attorney fees incurred on appeal.

Reversed and remanded.

SAWYER, J., dissenting, stated that § 3148(1) authorizes an award of attorney fees only in conjunction with representation concerning personal or property protection insurance benefits that are overdue, that no benefits were overdue in this case once the defendant paid benefits before the appeals were taken, and that the defendant therefore cannot be liable for attorney fees incurred by the plaintiff on appeal. The decision of the trial court should be affirmed.

INSURANCE — NO-FAULT — PERSONAL OR PROPERTY PROTECTION INSURANCE — OVERDUE BENEFITS — ATTORNEY FEES

A no-fault insurer that has been found by a trial court in an action by an insured for personal or property protection insurance benefits to have unreasonably refused to pay benefits or unreasonably delayed making proper payment of benefits shall, in addition to paying the benefits, pay reasonable attorney fees incurred by the insured in connection with the action, including fees incurred by the insured in an appeal taken by the insurer after it pays the claimed benefits to raise issues not related to its liability for benefits (MCL 500.3148[1]; MSA 24.13148[1]).

*Law Offices of Alan H. Broad, P.C.* (by *Alan H. Broad*), for the plaintiff.

*Scarfone & Geen* (by *John B. Geen*) (*John A. Lydick*, of Counsel), for the defendant.

Before: HOEKSTRA, P.J., and SAWYER and T. P. PICKARD*, JJ.

HOEKSTRA, P.J. Plaintiff appeals from an order of the circuit court denying an award of appellate attorney fees. We reverse and remand for further proceedings consistent with this opinion.

Plaintiff was severely injured in an automobile accident. Defendant, plaintiff's no-fault insurer, refused to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pay · for certain equipment and services. Plaintiff brought suit, receiving a ruling in his favor, which included an award of attorney fees in the trial court for defendant's unreasonable refusal to pay benefits. See MCL 500.3148(1); MSA 24.13148(1). Defendant thereafter appealed, but challenged only the trial court's ruling that defendant unreasonably refused to pay benefits. This Court affirmed the decision of the trial court.[1] *McKelvie v Auto Club Ins Ass'n*, 203 Mich App 331; 512 NW2d 74 (1994). Thereafter, plaintiff moved in the trial court for an award of appellate attorney fees, relying on *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686; 476 NW2d 487 (1991), and § 3148(1). The trial court denied the motion, noting that the no-fault benefits in dispute had been paid before the initial appeal and that defendant's appeal was not frivolous.

On appeal, plaintiff argues that the trial court, ignoring the requirements of *Bloemsma, supra,* erroneously denied his request for appellate attorney fees. We agree. In *Bloemsma, supra* at 690-691, this Court concluded that appellate attorney fees fell within the provisions of § 3148(1), which authorize an award of attorney fees where the insurer unreasonably refuses or delays payment of no-fault benefits. Accordingly, we believe that the trial court erred in denying plaintiff's request for appellate attorney fees.

Unlike the dissent, we conclude that this case is controlled by *Bloemsma, supra.* Further, we find

---

[1] We note that in addition to the challenge raised by defendant, plaintiff cross appealed a ruling by the trial court regarding the computation of judgment interest. *McKelvie v Auto Club Ins Ass'n*, 203 Mich App 331; 512 NW2d 74 (1994). This Court affirmed the decision of the trial court with respect to the issue raised on cross appeal.

without merit the arguments that attempt to distinguish this case from *Bloemsma* on the basis that defendant's payment of no-fault benefits after the verdict, but before the appeal, or that the appeal involved only issues related to attorney fees precludes plaintiff from recovering any of his attorney fees on appeal. Rather, we believe such distinctions to be immaterial, violative of the intent of the Legislature, and not warranted by the language of the statute at issue.

The cardinal rule of statutory construction is to identify and give effect to the intent of the Legislature. *McKenzie v Auto Club Ins Ass'n*, 211 Mich App 659, 661; 536 NW2d 301 (1995). Michigan's no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, is intended to be remedial in nature and must be liberally construed in favor of the persons intended to benefit from it. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27-28; 528 NW2d 681 (1995). The specific statutory section of the no-fault insurance act at issue in this case reads as follows:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [MCL 500.3148(1); MSA 24.13148(1).]

The purpose of this particular provision has already been declared to be the assurance of prompt payment to the insured. *Beach v State Farm Mutual Automobile Ins Co*, 216 Mich App 612, 629; 550 NW2d 580 (1996). Sanctions are to be imposed whenever a trial

court finds that an unreasonable delay or unreasonable refusal to pay occurred, as the court found in this case. Here, defendant's unreasonable refusal to pay benefits forced plaintiff to file a complaint and be involved in litigating a suit, which included appeals. Had defendant paid the benefits, as it should have, plaintiff would not have had to instigate the instant litigation. Thus, defendant's initial unreasonable denial of benefits subjects it, pursuant to the statute and consistent with *Bloemsma, supra,* to pay reasonable attorney fees for all litigation arising as a consequence of the initial unreasonable denial.

The dissent states that the appeal was not "an action for personal or property protection insurance benefits which are overdue" because the benefits were paid before the appeal and the appeal dealt only with whether attorney fees for the underlying case were properly awarded pursuant to § 3148(1). We believe that the timing of the payment of benefits, i.e., before the appeal, is immaterial to deciding this issue. The fact that the benefits were paid following a judgment but before appeal does not change the fact that defendant's initial unreasonable denial forced plaintiff to file the suit to collect the benefits from which the appeals stemmed.

Even though the appeal concerned only the issue whether plaintiff was entitled to attorney fees and did not involve the issue of liability for the underlying benefits, we do not agree that the appeal should then be characterized as an action for payment of attorney fees and not an action for overdue insurance benefits. Even the dissent concedes that, but for § 3148(1), no attorney fees would be awardable in this case. The only reason plaintiff is even entitled to attorney fees

is because he was unreasonably denied benefits and forced to file suit to get them. Absent plaintiff's filing a circuit court complaint seeking payment for the unreasonably denied benefits, there would have been no trial, no appeal, and hence no attorney fees would have been generated. Accordingly, we believe that the underlying action and any ensuing appeals are part of "an action for personal or property protection insurance benefits," and reverse the order of the trial court that denied attorney fees for the reason that the trial court did not believe that the services rendered on appeal warranted the imposition of fees.

Because the trial court found that the fees were not warranted in light of the "closeness" of the question appealed and the fact that defendant paid the disputed benefits before appeal, the trial court did not make findings of fact regarding defendant's other arguments against the imposition of fees or the reasonableness of plaintiff's claimed fees. Although the trial court previously conducted an evidentiary hearing, we believe that it is necessary to remand the matter for an additional evidentiary hearing so that the trial court can revisit the issue of appellate attorney fees. The parties may introduce additional evidence to aid the trial court in fashioning a reasonable award of attorney fees if defendant's remaining challenges to the award of fees are found to be without merit.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

T. P. Pickard, J., concurred.

Sawyer, J. *(dissenting)*. I respectfully dissent.

The majority agrees with plaintiff that the trial court erroneously ignored the requirements of *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686; 476 NW2d 487 (1991). I disagree. *Bloemsma* does, in fact, stand for the proposition that appellate attorney fees are awardable under MCL 500.3148(1); MSA 24.13148(1). However, I am not persuaded that *Bloemsma* is applicable to the case at bar. In *Bloemsma, supra* at 690-691, we concluded that appellate attorney fees fell within the provisions of § 3148(1), which authorizes the award of attorney fees where the insurer unreasonably refuses or delays payment of no-fault benefits.

However, in the case at bar, defendant had paid the no-fault benefits before taking the initial appeal and did not raise on appeal any issue related to its liability for those benefits. Rather, it argued only that the trial court erred in awarding plaintiff attorney fees in the trial court. In the absence of § 3148(1), no attorney fees of any kind could be assessed. *State Farm Mutual Automobile Ins Co v Allen*, 50 Mich App 71; 212 NW2d 821 (1973). Section 3148(1) is a statute in derogation of the common law and, therefore, must be strictly construed. *City of Flint v Patel*, 198 Mich App 153, 161; 497 NW2d 542 (1993).

Section 3148(1), by its terms, authorizes an award of attorney fees only in conjunction with representation concerning personal or property protection insurance benefits that are overdue. Once such benefits have been paid, they can no longer be overdue. Therefore, any further representation regarding other issues is outside the scope of the statutory authorization for an attorney fee award, whether at the trial level or on appeal.

That is precisely what has happened in the case at bar. Defendant paid the benefits following the adverse decision in the trial court. Furthermore, defendant did not challenge on appeal plaintiff's entitlement to those benefits. Thus, any money expended by plaintiff in the original appeal was not for the purpose of securing payment of those benefits or avoiding recoupment by defendant of benefits already paid. Therefore, the original appeal was not "an action for personal or property protection insurance benefits which are overdue" under § 3148(1). Rather, it was an action related to the payment of attorney fees. Accordingly, § 3148(1), and by extension, *Bloemsma*, is inapplicable.

For these reasons, I would conclude that the trial court did not err in denying plaintiff appellate attorney fees under the facts of this case and would affirm.