*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHRYN M. RODRIGUEZ,

　　　　　Plaintiff-Appellant,

v

HIRSHBERG ACCEPTANCE CORP. and
MODERN FINANCIAL SERVICES CORP.,

　　　　　Defendants-Appellees.

FOR PUBLICATION
April 21, 2022
9:05 a.m.

No. 356368
Ionia Circuit Court
LC No. 2020-034471-CZ

Before: RONAYNE KRAUSE, P.J., and MURRAY and O'BRIEN, JJ.

RONAYNE KRAUSE, P.J.

In this putative class action involving allegations of unfair debt collection practices arising out of a miscalculation of postjudgment interest, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants, Hirshberg Acceptance Corp. (HAC) and Modern Financial Services Corp. (MFSC), under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (C)(8) (failure to state a claim upon which relief could be granted). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 1995, plaintiff used a credit card issued by non-party First National Bank of Omaha (FNBO) to purchase what she believes was a grill, incurring a financial obligation of approximately $900. She did not fully repay her financial obligation for that purchase; on appeal, she implies that she was unable to do so because she suffered certain medical disabilities. She stopped making payments entirely in 2002. At some point, FNBO assigned the debt to non-party LHR, Inc. On February 2, 2007, LHR assigned the debt to HAC. On September 7, 2007, HAC sued plaintiff in the 64th District Court, in Ionia County. HAC contended that the written contract was in plaintiff's possession or lost, so it did not attach a copy of any written contract. Instead, it attached an affidavit from its vice president, who calculated the unpaid balance of plaintiff's debt to be $6,241.20. HAC sought a judgment against plaintiff in that amount, plus interest, fees, and costs. Plaintiff did not respond to the complaint, and HAC obtained a default judgment against plaintiff. Thereafter, HAC obtained numerous writs of garnishment to collect the amount owed

-1-

under the default judgment. Each writ of garnishment indicated that postjudgment interest was being added to the debt.

In 2018, plaintiff filed a putative class action complaint against HAC in the United States District Court for the Western District of Michigan. Plaintiff alleged that HAC violated the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 *et seq*., and the Michigan Regulation of Collection Practices Act (RCPA), MCL 445.251 *et seq*., by overstating how much plaintiff owed and by impermissibly inflating HAC's costs and the amount of interest it charged. Following a procedural error, the federal action was dismissed with prejudice. Plaintiff thereafter filed a putative class action complaint in the Ionia Circuit Court, much of which was substantively identical to her prior federal complaint. However, plaintiff added MFSC as a defendant on the general theory that HAC and MFSC were inextricably intertwined entities, a claim that defendants also violated the Michigan Occupational Code, MCL 339.101 *et seq*., and claims seeking declaratory and injunctive relief. Defendants responded by removing the case to federal court. The federal court dismissed the FDCPA claims under the doctrine of res judicata, declined to exercise supplemental jurisdiction over the state-law claims, and remanded the case back to the trial court.

Defendants then moved for summary disposition of plaintiff's class actions claims. Pursuant to MCR 2.116(C)(8) (failure to state a claim), defendants argued that MCR 3.501(A)(5) precluded "actions" based on claimed violations of statutes that permitted recovery of statutory damages in lieu of actual damages, and "actions" were defined by MCR 2.101 as synonymous with lawsuits. Defendants further argued that because the RCPA and the Occupational Code both permit recovery of statutory damages, and neither contains a provision explicitly permitting class actions, plaintiff's class action claims must be dismissed irrespective of the fact that she also sought injunctive relief, declaratory relief, and actual damages. Defendants reasoned that plaintiff's remaining claims were for, at the most, less than $3,000 and therefore far below the Circuit Court's jurisdictional minimum amount of $25,000.[1] Defendants therefore concluded that plaintiff's individual claims should be dismissed pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdiction). Plaintiff contended that defendants' motion was procedurally improper, MCR 3.501(A)(5) was inapplicable because she was not seeking statutory damages exclusively, and MCR 3.501(A)(5) was an unconstitutional violation of separation of powers. Lastly, plaintiff argued the trial court was required to maintain jurisdiction over her individual claims, either under MCR 3.501(B)(3)(e) following its refusal to certify her class action, or because she could prove individual damages over $25,000.

After hearing the parties' oral arguments and considering their briefs, the trial court agreed with defendants. The trial court entered an order dismissing plaintiff's class action allegations with prejudice and dismissing plaintiff's individual claims for lack of subject-matter jurisdiction. This appeal followed.

---

[1] In her brief on appeal, plaintiff makes several statements about how much she was allegedly overcharged, possibly indicating claimed actual damages of close to $6,000.

## II. STANDARDS OF REVIEW

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion brought under MCR 2.116(C)(8) should be granted only where the complaint is so legally deficient that recovery would be impossible even if all well-pleaded facts were true and construed in the light most favorable to the non-moving party. *Id*. at 119. Only the pleadings may be considered when deciding a motion under MCR 2.116(C)(8). *Id*. at 119-120. "A motion for summary disposition under MCR 2.116(C)(4) tests the trial court's subject-matter jurisdiction." *Mays v Governor*, 506 Mich 157, 180; 954 NW2d 139 (2020). Questions of jurisdiction are reviewed de novo as questions of law, and in deciding a motion under MCR 2.116(C)(4), the court should consider the documentary evidence submitted by the parties. *Henry v Laborers' Local 1191*, 495 Mich 260, 273; 848 NW2d 130 (2014).

The interpretation and application of statutes, constitutional issues, rules, and legal doctrines is reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008); *Toll Northville LTD v Twp of Northville*, 480 Mich 6, 10-11; 743 NW2d 902 (2008). "When interpreting statutes, our obligation is to discern and give effect to the Legislature's intent as expressed in the statutory language," with the presumption that unambiguous language should be enforced as written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). Although "statutes must be construed to prevent absurd results, injustice, or prejudice to the public interest," *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999), the " 'absurd result' rule" may only be applied where statutory language is already found to be ambiguous, *Gilbert v Second Injury Fund*, 463 Mich 866, 867; 616 NW2d 161 (2000), or possibly where it is "quite impossible that the Legislature could have intended the result," *Johnson v Recca*, 492 Mich 169, 192-194; 821 NW2d 520 (2012) (quotation and alteration omitted). Interpretation of a court rule follows the general principles of statutory construction. *Grievance Administrator v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000). This Court has "a duty to interpret . . . court rules as being constitutional whenever possible . . . " *In re Sanders*, 495 Mich 394, 414; 852 NW2d 524 (2014).

## III. DISMISSAL OF CLASS ACTION CLAIMS

Plaintiff argues the trial court erred by summarily disposing of her class action claims on the basis of MCR 3.501(A)(5). In full, MCR 3.501(A)(5) provides:

> An action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by statute may not be maintained as a class action unless the statute specifically authorizes its recovery in a class action.

We conclude that the trial court properly granted summary disposition as to plaintiff's class action claims.

## A. SCOPE OF COURT RULE

The Michigan Court Rules do not clearly define "an action." However, MCR 2.101 provides that "there is one form of action known as a 'civil action' " and "a civil action is

commenced by filing a complaint with a court." By implication, an "action" means an entire lawsuit. Furthermore, our Supreme Court has construed the terms "claim" and "action" while analyzing MCR 2.403(M)(1), concluding that "a claim consists of facts giving rise to a right asserted in a judicial proceeding, which is an action." *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554-555; 640 NW2d 256 (2002). "In other words, the action encompasses the claims asserted." *Id*. at 555. This Court has similarly concluded that "civil action" and "civil case" were interchangeable terms, both of which described "a broad category of legal actions, each of which can consist of one or more claims." *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 554-555; 652 NW2d 851 (2002). The apparent conclusion is that the preclusionary effect of MCR 3.501(A)(5) applies to entire lawsuits, not merely to individual claims within a lawsuit.

We note, however, that the parties appear to have tacitly agreed that the above apparent conclusion is not literally true: at no time did defendants argue that plaintiff's individual claims were precluded. We agree. Importantly, MCR 3.501(A)(5) appears within a rule expressly addressing class actions. By necessary implication, "an action," when read in context, means "a *class* action." In other words, where a statute provides for a minimum penalty irrespective of actual damages, no class action may be maintained on the basis of that statute. It is, in contrast, "quite impossible" that our Supreme Court intended MCR 3.501(A)(5) to forbid any lawsuit whatsoever based on such a statute. Furthermore, our conclusion is supported by the staff comment to GCR 1963, 208.1(E), the similar predecessor statute:

> This section is modeled on provisions such as N.Y. C.P.L.R. § 901(b) and Or.R.Civ.P. 32(L). Minimum measures of recovery, unrelated to actual damages, found in some regulatory statues (see, e.g. M.C.L.A § 445.360[2]; M.S.A. 19.853[20][2], M.C.L.A. § 445.243[2]; M.S.A. 19.655[53][2] are designed to reduce the disincentive to bring actions challenging violations that results from the relativity small damages suffered by any individual. The class action device for bringing together many such claims achieves the same purpose, making the minimum damages provisions unnecessary. In addition, allowing recovery of the minimum damage as to each of a large number of class members might often impose an unreasonable and unintended penalty of a defendant.

Staff comments are not authoritative, but they nevertheless offer valuable insight. *Law Offices of Jeffrey Sherbow, PC v Feiger & Feiger, PC*, 507 Mich 272, 293 n 39; 968 NW2d 367 (2021). The genesis of the court rule was clearly a concern regarding unintended consequences of certain kinds of *class* actions only. In conclusion, claims based on violations of statutes that provide minimum damages in lieu of actual damages may not be brought as class actions, absent language in the statute expressly permitting such class actions.

## B. CONSTITUTIONALITY OF COURT RULE

Plaintiff contends that MCR 3.501(A)(5) violates the separation-of-powers doctrine by impermissibly infringing on the Legislature's domain of passing substantive laws and deciding whether to cap statutory damages. We disagree.

Pursuant to Const 1963, art 3, § 2, "[t]he powers of government are divided into three branches: legislative, executive and judicial," and that, "[n]o person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Our Constitution provides that "[t]he supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5. The Legislature, on the other hand, has "the power to make laws." *Slis v Michigan*, 332 Mich App 312, 344; 956 NW2d 569 (2020) (citation omitted). "[T]he boundaries between [the branches of government] need not be airtight" and "the separate powers were not intended to operate with absolute independence." *Makowski v Governor*, 495 Mich 465, 482; 852 NW2d 61 (2014) (quotation marks, citation, and alterations omitted). Nevertheless, our Supreme Court "is not authorized to enact court rules that establish, abrogate, or modify the substantive law." *McDougall v Schanz*, 461 Mich 15, 27; 597 NW2d 148 (1999). Therefore, deciding the constitutionality of a court rule requires consideration of "whether the [court rule] addresses purely procedural matters or substantive law." *Id.*

Plaintiff contends MCR 3.501(A)(5) went beyond the Court's constitutional authority to create rules regarding practice and procedure, and amounted to an amendment of substantive law in all statutes that allow for statutory minimum damages, do not cap those damages, and do not contain a specific statutory clause allowing or barring a class action lawsuit to collect those damages. In particular, plaintiff claims the rule "strip[ped] away a substantive right of each putative class member to recover statutory monies under the plain language of" such statutes. However, the court rule does no such thing.

As discussed above, the court rule in no way restricts the right of individuals to bring their own claims under such statutes. Class actions are, in part, a way for plaintiffs to recover despite having individually suffered harms too small to make a lawsuit economically viable. See *Eisen v Carlisle and Jacquelin*, 417 US 156, 161; 94 S Ct 2140; 40 L Ed 2d 732 (1974). However, we note that under the RCPA and the Occupational Code, such individual claims, if successful, may entitle plaintiffs to reasonable attorneys' fees and court costs if the defendant's violation was willful. MCL 445.257(2); MCL 339.916(2). At least as applied to this matter, the availability of attorneys' fees and court costs in addition to statutory damages obviates the problem of individual lawsuits being intrinsically unviable. Furthermore, the court rule expressly states that it does not apply where the Legislature has specifically authorized class action recovery in a statute. We presume the Legislature is aware of the language of the court rule, see *Waterford Sch Dist v State Bd of Ed*, 98 Mich App 658, 666; 296 NW2d 328 (1980), especially because the Legislature did in fact specifically authorize class action recoveries in other statutes where minimum damages are available. See MCL 445.1681 (Mortgage Brokers, Lenders, and Servicers Licensing Act, MCL 445.1651 *et seq.*); MCL 445.911 (Michigan Consumer Protection Act, MCL 445.901 *et seq.*); MCL 445.815 (act regulating certain advertisements, MCL 445.811 *et seq.*).

We conclude that MCR 3.501(A)(5) does not abrogate any substantive right granted by the Legislature, and it does not violate the separation-of-powers doctrine.

## C. APPLICABILITY OF COURT RULE

A plaintiff who prevails in an action brought under the RCPA is entitled to "the amount of actual damages or $50.00, whichever is greater." MCL 445.257(2). A plaintiff who prevails in an

action under the Occupational Code is similarly entitled to "the amount of actual damages or $50.00, whichever is greater." MCL 339.916(2). Both statutes therefore provide for "a penalty or minimum amount of recovery without regard to actual damages," and the parties agree neither the RCPA nor the Occupational Code contain provisions specifically permitting class actions.

Plaintiff argues that MCR 3.501(A)(5) does not apply to her lawsuit because she and the other class members can prove they suffered actual damages. Plaintiff's argument is generally that MCR 3.501(A)(5) limits its applicability to cases *exclusively* seeking a penalty or statutory minimum damages. For example, she claims because she is also seeking actual damages, declaratory relief, and a permanent injunction, her class action is not barred under MCR 3.501(A)(5). However, as discussed, the court rule applies to the *action*, not to particular claims, other than the divide between individual and class claims. Furthermore, the count in plaintiff's complaint for violations of the RCPA and the Occupational Code sought relief in favor of both herself and the putative class in the form of, *inter alia*, "statutory and actual damages allowed under the RCPA and/or [Occupational Code.]" Plaintiff clearly sought statutory minimum damages, where available, so she necessarily brought "[a]n action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by" the RCPA and Occupational Code, which do not "specifically authorize[] recovery in a class action." MCR 3.501(A)(5).

Plaintiff argues that her separate claims for injunctive and declaratory relief should not be bared by MCR 3.501(A)(5). As discussed, the court rule does not preclude plaintiff from pursuing individual claims premised on violations of the RCPA and the Occupational Code, whether for injunctive relief, declaratory relief, or money damages. Plaintiff did present a separate "declaratory judgment" count and a separate "permanent injunction" count in her complaint. However, the nature of a claim is not determined by the form or manner of presentation of a complaint, but rather by considering the underlying substance of the complaint. *Hartford v Holmes*, 3 Mich 460, 463 (1855); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011). Furthermore, a claim for equitable relief is not an independent, standalone cause of action; rather, it is a remedy that must be supported by a cause of action. *Henry v Dow Chemical Co*, 473 Mich 63, 96-97; 701 NW2d 684 (2005). Plaintiff's requests for equitable relief premised on violations of the RCPA and Occupational Code are not practically severable from her action for statutory minimum damages under the same statutes.[2]

## D. PROCEDURAL MATTERS

Plaintiff finally argues that defendants were not permitted to move for summary disposition of her class action claims under MCR 2.116(C)(8) until she first moved to certify the class under MCR 3.501(B)(1). However, MCR 2.116(D)(4) provides that a motion for summary disposition under MCR 2.116(C)(8) "may be raised at any time, regardless of whether the motion is filed after the expiration of the period in which to file dispositive motions under a scheduling order entered

---

[2] The jurisdiction of the circuit courts to hear claims for equitable relief is therefore irrelevant to the disposition of plaintiff's class action claims under the circumstances of this case. Therefore, we need not address plaintiff's arguments regarding the jurisdiction of the circuit court to hear claims for injunctive or declaratory relief as those arguments pertain to her class action claims.

pursuant to MCR 2.401." Furthermore, the only timing restriction on putative class action defendants pertains to when such defendants could file a notice of a plaintiff's failure to certify a class. MCR 3.501(B)(2). Otherwise, the court rules contain no such limitation on when a party can move for summary disposition under MCR 2.116(C)(8). MCR 2.116(D)(4).

In sum, the trial court properly concluded that MCR 3.501(A)(5) applied to plaintiff's complaint and that she was barred from maintaining a class action, and the trial court then properly disposed of any class action claims found in the lawsuit because they failed to state a claim upon which relief could be granted.[3]

## IV. PLAINTIFF'S INDIVIDUAL CLAIMS

Plaintiff argues the trial court erred by summarily disposing of her individual claims under MCR 2.116(C)(4), arguing that the trial court erred for several distinct reasons[4] in determining that it lacked subject matter jurisdiction over those claims. We disagree.

### A. JURISDICTIONAL AMOUNT OF DAMAGES

Plaintiff argues that she pleaded individual actual damages in excess of the circuit court's jurisdictional threshold of $25,000. Circuit courts in Michigan are courts of general jurisdiction by default, except where a constitutional provision or a statute confers exclusive jurisdiction upon another court. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 715-716; 909 NW2d 890 (2017). The circuit courts lack jurisdiction over actions in which the amount in controversy could not exceed $25,000, as determined at the outset of the proceedings on the basis of the allegations in the complaint. *Id*. at 714-716. Generally, "in its subject-matter jurisdiction inquiry [a court] determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest." *Hodge v State Farm Mut Ins Co*, 499 Mich 211, 223-224; 884 NW2d 238 (2016). However, when deciding a motion for summary disposition under MCR 2.116(C)(4), which requires a court to consider evidence in the record, a circuit court must go beyond the pleadings to determine whether the amount in controversy could not exceed $25,000. *Meisner Law Group PC*, 321 Mich App at 717-718. Furthermore, although an award of attorneys' fees provided by statute or by contract may be considered part of the amount in controversy, a reasonable estimate of the probable value of those fees should be provided by the party seeking those fees.[5] See *ABCS Troy, LLC v Loancraft, LLC*,

---

[3] At oral argument, plaintiff suggested that consumers may be confused and disadvantaged by the application of MCR 3.501(A)(5), but such public policy arguments must be addressed by the Legislature, which, as discussed, could have authorized class actions under the RCPA or the Occupational Code but chose not to do so.

[4] One of those reasons is that the motion for summary disposition was procedurally improper. We have already discussed why we disagree with this argument.

[5] Defendant argues that this is contrary to our Supreme Court's holding in *Hodge*, but that conclusion is not obvious. In *Hodge*, the plaintiff had affirmatively asserted that she sought damages of less than $25,000 but ultimately presented proof at trial of damages considerably in

___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 349835); slip op at 4-7; *Peters v Gunnell, Inc*, 253 Mich App 211, 224 n 10; 655 NW2d 582 (2002).

Affording the maximum possible generosity to plaintiff's complaint, plaintiff has arguably claimed that she individually suffered actual damages of at most $6,000. As a result, plaintiff simply has not pleaded individual claims in excess of the jurisdictional amount to avoid the exclusive jurisdiction of the district court. MCL 600.8301(1).

In responding to defendants' motion for summary disposition, plaintiff contended she could prove damages above the jurisdictional amount. She alleged she suffered special damages in the form of clearing the public record of misinformation about the amount of debt she owed defendants. Although plausible, plaintiff never offered any kind of estimate of those special damages, nor did she offer any specific evidence of those special damages. A party opposing summary disposition need not be able to immediately prove their case. *Durant v Stahlin*, 375 Mich 628, 645-647; 135 NW2d 392 (1965) (SOURIS, J.); *Morales v Auto-Owners Ins Co*, 458 Mich 288, 304; 582 NW2d 776 (1998). However, a party opposing summary disposition must provide more than speculation or possibility. *Meisner Law Group PC*, 321 Mich App at 723. Plaintiff has not provided more than a mere possibility.

Plaintiff also argued that the attorney fees to which she could be entitled under the RCPA or Occupational Code would exceed the circuit court's jurisdictional minimum amount. However, plaintiff never provided the trial court with a reasonable estimate of what her probable fees would be to pursue her individual claims. See *ABCS Troy, LLC*, ___ Mich App at ___, slip op at 7. On appeal, plaintiff asserts that, considering the entirety of the case, from drafting the complaint through a projected appeal to our Supreme Court, she could reasonably expect to incur attorneys' fees in excess of $25,000. We presume attorney fees would include those incurred in appellate proceedings, absent statutory language to the contrary. *Bloemsma v Auto Club Ins Ass'n*, 190 Mich App 686, 690; 476 NW2d 487 (1991). Nevertheless, MCL 445.257(2) and MCL 339.916(2) both provide for "reasonable attorney's fees and court costs incurred in connection with the action." Under the circumstances, "the action" would mean only plaintiff's individual claims, and "reasonable" fees and costs do not necessarily include all expenses incurred. Plaintiff would

---

excess of that amount, and our Supreme Court held that the district court's jurisdiction should be assessed on the basis of the pleadings rather than the proofs. *Hodge*, 499 Mich at 213-214, 219-220, 223-224. Here, plaintiff requested *statutory* attorneys' fees on the face of her complaint. We think that *Hodge* does not preclude the inclusion of such attorney fees within the amount in controversy, so long as plaintiff provided a reasonable estimate of those fees, and so long as the estimate is made in good faith. See *Krolczik v Hyundai Motor America*, 507 Mich 966; 959 NW2d 720 (2021). In any event, we are required to follow *Meisner Law Group PC* and *ABCS Troy, LLC* pursuant to MCR 7.215(J)(1). Plaintiff suggested at oral argument that *ABCS Troy* had been overruled in part by *Silverman v Korn (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket No. 350830). However, *Silverman* did not address statutory attorney fees in the context of the amount in controversy, but rather only addressed whether a corporation and individual could recover attorney fees when representing themselves under a contract fee provision. We are unpersuaded that *Silverman* is relevant to this matter.

therefore clearly not be entitled to all of the attorney fees she may incur. In any event, plaintiff has merely offered a conclusory statement about what might be possible, without any supporting evidence and essentially conjectural reasoning. *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). We are unable to find support in the record or in plaintiff's arguments for the proposition that the amount in controversy, as to plaintiff's individual claims, exceeded $25,000.

## B. CONTINUING JURISDICTION

Plaintiff also relies on MCR 3.501(B)(3)(e), which provides that "[i]f [class] certification is denied or revoked, the action shall continue by or against the named parties alone." *Id*. The plain import of this court rule is that dismissal of plaintiff's class action claims does not, by itself, require or permit dismissal of plaintiff's individual claims. However, nothing in this court rule specifies that the action cannot subsequently be dismissed for other reasons, such as a lack of subject matter jurisdiction. Indeed, unlike plaintiff's separation-of-powers argument discussed above, to construe MCR 3.501(B)(3)(e) as granting a circuit court subject matter jurisdiction over claims that would not otherwise be within the circuit court's jurisdiction, merely because the complaint sought class certification, *would* violate the principle of separation of powers. See *In re Estate of Gordon*, 222 Mich App 148, 153-154; 564 NW2d 497 (1997). Furthermore, such a construction would invite the kind of artful pleading and elevation of form over substance that courts in Michigan have long condemned. See *Hartford*, 3 Mich at 463. The trial court properly did not dismiss plaintiff's individual claims on the basis of its dismissal of plaintiff's class action claims, and it recognized that plaintiff's individual claims likely would continue, albeit in district court. MCR 3.501(B)(3)(e) required nothing more of the trial court.

## C. EQUITABLE JURISDICTION

We note that plaintiff has raised various arguments generally asserting that the circuit court has exclusive jurisdiction over actions for declaratory or injunctive relief. For the reasons discussed, those arguments are irrelevant as to plaintiff's class action claims. Plaintiff's request for relief does include remanding "her individual claims," including her claims for declaratory and injunctive relief, to the trial court. However, we are unable to discern any substantive argument seeking to maintain any individual claims for injunctive or declaratory relief, and as discussed, we are not persuaded that plaintiff's requests for equitable relief can stand alone from her legal claims under the RCPA and the Occupational Code. We are therefore unpersuaded that the trial court erred in dismissing plaintiff's individual claims in their entirety for lack of subject matter jurisdiction.

In any event, the *general* rule is that the district court lacks any jurisdiction over injunctive or equitable matters. MCL 600.8315. Nevertheless, the district court is not totally without equitable powers. The district court is a court of record, MCL 600.8101(1), and therefore may declare the rights of parties to a controversy otherwise within its jurisdiction, MCR 2.605(A). Furthermore, "the district court has equitable jurisdiction and authority concurrent with that of the circuit court in," among other matters, "cases brought under chapter 84," which governs small claims. MCL 600.8302(1)-(2). When plaintiff's complaint was filed, the small claims division had jurisdiction of up to $6,000. MCL 600.8401(c). Notably, plaintiff's complaint did not seek attorneys' fees for her equitable claims, and as discussed, $6,000 is the most that otherwise appears

to potentially be in controversy. We are therefore equally unpersuaded by plaintiff's argument that she had no other venue in which to pursue her claims for equitable relief.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien